1

2

3

4

5

6

7

8

9

10

11

DEVON K. ROEPCKE (SBN 265708)
**LAW OFFICES OF DEVON K. ROEPKE**
170 Laurel Street
San Diego, California 92101
Telephone: (619) 940-5357
Facsimile: (619) 354-4157
droepke@lawdkr.com

ERIC A. LAGUARDIA (SBN 272791)
**LAGUARDIA LAW, APC**
402 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 655-4322
Fax: (619) 655-4344
eal@laguardialaw.com

*Attorneys for Plaintiff*

12

13

14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| HARLAN ZABACK, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br><br>     vs.<br><br><br>KELLOGG SALES COMPANY and DOES 1 through 10, inclusive,<br><br>                             Defendants. | Case No. 3:20-cv-268-BEN-MSB<br><br>The Honorable Roger T. Benitez<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: April 6, 2020<br><br>Hearing Time: 10:30 a.m.<br><br>Courtroom:  5A |

# TABLE OF CONTENTS

INTRODUCTION...........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..........................................1

ARGUMENT...............................................................................................7

   A. Plaintiff Properly Alleges That the Product Label
      Violates California Law........................................................................7

   B. Defendant's Motion Concedes That the Product Violates
      FDA Regulations and Therefore Violates California Law....................11

   C. A Reasonable Consumer Would Be Deceived by
      the Product Label...............................................................................13

   D. Zaback Satisfies the Reasonable Consumer Test................................15

   E. Whether a Labeling Statement is Likely to Deceive a Reasonable
      Consumer is Misplaced Argument on a Motion to Dismiss.................16

   F. Plaintiff's State Law Claims Are Not Preempted.................................17

         1.    California's Sherman Law is not preempted because
                it imposes requirements identical to the NLEA................17

         2.    Plaintiff's California law claims that the Product labeling is
                unlawful are not preempted even in the face of Defendant's
                improper arguments, because the result is still the same as
                under the federal NLEA.....................................................19

   G. Defendant's Motion to Dismiss Violates Fed. R. Civ. P. Rule 12...........22

CONCLUSION...........................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Allred v. Kellogg Company*,
  2018 WL 1158885, at *4 (S.D. Cal., Feb. 23, 2018, No. 17-CV-1354-AJB-
  BLM) ..................................................................................................................9

*Altria Grp., Inc. v. Good*,
  555 U.S. 70 (2008)............................................................................................17

*Anderson v. Angelone*,
  86 F.3d 932 (9th Cir. 1996) .......................................................................22, 24

*Arevalo v. Bank of Am. Corp.*,
  850 F. Supp. 2d 1008 (N.D. Cal. 2011) ...........................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................6

*Brockey v. Moore*,
  107 Cal. App. 4th 86 (2003) .............................................................................14

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999).........................................................................................9

*Clancy v. The Bromley Tea Co.*,
  308 F.R.D. 564 (N.D. Cal. 2013) ................................................................17, 19

*Colgan v. Leatherman Tool Group, Inc.*,
  135 Cal. App. 4th 663 (2006)............................................................................14

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ..............................................................9, 10, 16

*Dvora v. General Mills, Inc.*,
  2011 WL 1897349 (C.D. Cal. May 16, 2011)...................................................20

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ..........................................................................24

*Engurasoff v. Coca-Cola Co.*,
  2014 WL 4145409 (N.D. Cal. Aug. 21, 2014) ..................................................20

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ................................................................................8

*Gitson v. Trader Joe's Co.*,
  2014 WL 1048640 (N.D. Cal. Mar. 14, 2014) ..................................................20

*Halebian v. Berv*,
  644 F.3d 122 (2d Cir. 2011) ..............................................................................24

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,

-ii-

896 F.2d 1542 (9th Cir. 1989) ...................................................................23

*Hall v. Diamond Foods, Inc.*,
  2014 WL 5364122 (N.D. Cal. Oct. 21, 2014) ......................................16

*Henderson v. J.M. Smucker Co.*,
  2011 WL 1050637 (C.D. Cal. Mar. 17, 2011) ......................................16

*In re Farm Raised Salmon Cases*,
  42 Cal. 4th 1077 (2008) ...................................................................17, 19

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) .............................................................................9

*Ivie v. Kraft Foods Global, Inc.*,
  2013 WL 685372 (N.D. Cal. Feb. 25, 2013) .........................................16

*Jefferson v. Chase Home Fin.*,
  2008 WL 1883484 (N.D. Cal. Dec. 14, 2007) .......................................14

*Kasky v. Nike, Inc.*,
  27 Cal. 4th 939 (2002) .............................................................................8

*King v. Rubenstein*,
  825 F.3d 206 (4th Cir. 2016) ................................................................21

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...........................................................6, 21

*Kosta v. Del Monte Corporation*,
  2013 WL 2147413 (N.D.Cal., May 15, 2013) ......................................18

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ...............................................................14

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ....................................................21, 23, 24

*Lilly v. ConAgra Foods, Inc.*,
  743 F.3d 662 (9th Cir. 2014) ................................................................16

*Lozano v. AT&T Wireless Servs., Inc.*,
  504 F.3d 718 (9th Cir. 2007) ..................................................................8

*Martin v. Tradewinds Beverage Co.*,
  2017 WL 1712533 (C.D. Cal. Apr. 27, 2017) ......................................16

*McGill v. Citibank, N.A.*,
  2 Cal. 5th 945 (2017) .............................................................................10

*Morgan v. Wallaby Yogurt Co., Inc.*,
  2013 WL 5514563 (N.D. Cal. Oct. 4, 2013) ........................................18

*Pratt v. Whole Foods Mkt. California, Inc.*,
  2014 WL 1324288 (N.D. Cal. Mar. 31, 2014) ......................................18

*Reid v. Johnson & Johnson*,
  780 F.3d 952 (9th Cir. 2015) ................................................................14

-iii-

*Rice v. Santa Fe Elevator Corp.*,
   331 U.S. 218 (1947) ...........................................................................17
*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) .............................................................................6
*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) .............................................8
*U.S. v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................24
*Victor v. R.C. Bigelow, Inc.*,
   2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) .................................18
*Viggiano v. Hansen Nat. Corp*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013)........................................20, 21
*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) ........................................6, 13, 14, 16

**Statutes**
21 U.S.C. § 343-1 ...................................................................................17, 18
28 U.S.C. § 1332(d) ........................................................................................2
Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...........................................passim
Cal. Bus. & Prof. Code §§ 17500, *et seq.* ...........................................passim
Cal. Civ. Code § 1760 ...................................................................................10
Cal. Civ. Code § 1780 ...................................................................................10
Cal. Civ. Code §§ 1750, *et seq.* ...........................................................passim
Cal. Civ. Code § 1770(a) .................................................................................8
Cal. Health & Safety Code § 109875 *et seq.* ..........................................7, 18
Cal. Health & Safety Code § 110100(a) ...................................................4, 18

**Rules**
Fed. R. Civ. P. 12(b)(6) ..............................................................1, 6, 8, 11, 21
Fed. R. Civ. P. 56 .........................................................................................21

**Regulations**
21 C.F.R § 101.22 ..................................................................................passim
21 C.F.R § 169 ..............................................................................................11
21 C.F.R § 169.3 ...........................................................................................11
21 C.F.R § 175 ..............................................................................................11

-iv-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

CASE NO. 3:20-CV-268-BEN-MSB

Plaintiff Harlan Zaback ("Plaintiff" or "Zaback"), on behalf of himself and all others similarly situated, respectfully submits this Memorandum of Points and Authorities in Opposition to the Motion to Dismiss filed by Defendant Kellogg Sales Company ("Defendant") on February 20, 2020. (*See* Dkt. No. 7). Because Defendant's Motion fails to meet either the procedural or legal standards for a motion under Fed. R. Civ. P. 12(b)(6), Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

## INTRODUCTION

In this proposed consumer class action, Plaintiff alleges that Defendant's "Bear Naked V'Nilla Almond" granola (the "Product") is labeled and advertised as if it were flavored exclusively with real vanilla when it is not. (*See generally* Compl., Dkt. No. 1-2). Zaback alleges that Defendant's packaging violates federal food labeling regulations and is both unlawful and deceptive under California law because the Product label violates Federal food-labeling regulations and is intended to and does give a reasonable consumer the clear impression that it is flavored exclusively with real vanilla from vanilla beans – a premium ingredient consistent with the Product's premium price – when it is not. Compl., ¶ 41.

Defendant's Memorandum in Support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), (Dkt. 7-1) ("Def.'s Mem.") flaunts the requirements of the federal rule it is filed under, raises improper argument from purported facts outside the pleadings, and omits the essential text of the federal regulations it cites, and still concedes that the Product's label violates federal and California law. For the reasons set forth below, Defendant's motion to dismiss should be denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed in the Superior Court of the State of California for the County of San Diego on December 20, 2020. *See generally*

-1-

Compl., Dkt. No. 1-2. On February 13, 2020, Defendant filed a Notice of Removal to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. No. 1.

Plaintiff Harlan Zaback ("Zaback" or "Plaintiff") alleges that he purchased the Product and in doing so both saw and relied upon the representations on the packaging. Specifically, Zaback saw and relied on, among others, the illustrations and representations on the packaging including the word "V'nilla" in the product's name on the front and back of the package; and a vignette of vanilla beans with only the word "Vanilla" below it on the back of package. Based on these representations, Zaback believed he was purchasing granola with vanilla flavoring derived exclusively from vanilla beans. Compl. ¶ 11.

Zaback would not have purchased the Product or would have paid significantly less for it had he known that it was not flavored with vanilla flavoring derived exclusively from vanilla beans. Therefore, Zaback suffered injury in fact and lost money as a result of Defendant's unlawful and misleading practices, as described herein. Although he was misled by the Product packaging previously, Zaback would again purchase the Product in the future if, consistent with the packaging, it is flavored exclusively with real vanilla from vanilla beans. Compl. ¶ 12.

Zaback brings causes of action for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and for Quasi Contract (Unjust Enrichment.) *See generally* Compl. Plaintiff alleges that the Product's label violates California law in multiple regards. Compl. ¶¶ 30-45. Zaback alleges that "[a] reasonable consumer is misled to believe 'Bear Naked

-2-

Granola Fit V'nilla Almond' is flavored with vanilla flavoring derived exclusively from vanilla beans." Compl. ¶32 . For example:

(1) use of the word "V'nilla" in the product's name;



(2) a pictorial representation (or "vignette") of real vanilla beans displayed prominently on the package;



(3) the word

-3-

"Vanilla", also displayed prominently on the Product package without any clarification. Compl. ¶32.

Zaback alleges that the Product violates FDA food-labeling regulations codified at 21 C.F.R § 101.22, Compl. ¶28, incorporated verbatim by reference into California's Sherman Law, *see* Cal. Health & Safety Code § 110100(a).

FDA regulations and California law provide that "[i]f the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, . . . such flavor shall be considered the characterizing flavor[.]" 21 C.F.R. 101.22(i).  Zaback alleges that "'Vanilla" is a primary recognizable flavor identified on the Product labeling and is "therefore a characterizing flavor under California law." Compl. ¶ 28.  The Product-name "V'Nilla" on the front label is intended by Defendant to be a stand-in for, and to represent to the consumer, "Vanilla." *Id*.

Under FDA regulations, "[w]herever the name of the characterizing flavor appears on the label (other than in the statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase, the words prescribed by this paragraph [naturally flavored, artificially flavored, etc.] <u>shall immediately and conspicuously precede or follow such name,</u> without any intervening written, printed, or graphic matter, [*inapplicable exceptions*]." (emphasis added) 21 C.F.R. 101.22(i)(3).  Thus, the Product's label may only state the word "vanilla" without the word "flavored" before or after it if there is no other natural or artificial flavor "which simulates, resembles or reinforces the characterizing flavor". 21 C.F.R. 101.22(i)(1)(i)-(iii).  Plaintiff alleges that because the Product label displays a clear image of a natural vanilla bean accompanied only by the word, "Vanilla," Mr. Zaback and any reasonable consumer had the right to conclude that the Product

1   actually contained and was flavored exclusively with actual vanilla from vanilla
2   beans.  Compl. ¶ 39

3       Further, under FDA regulations at 21 C.F.R. 101.22, "If the food contains no
4   artificial flavor which simulates, resembles or reinforces the characterizing flavor,
5   the name of the food on the principal display panel or panels of the label shall be
6   accompanied by the common or usual name of the characterizing flavor, e.g.,
7   "vanilla", in letters not less than one-half the height of the letters used in the name
8   of the food[.]" 21 C.F.R. 101.22(i)(1).

9       However, "[i]f the food is one that is commonly expected to contain a
10  characterizing food ingredient, e.g., strawberries in "strawberry shortcake", and the
11  food contains natural flavor derived from such ingredient and an amount of
12  characterizing ingredient insufficient to independently characterize the food, or the
13  food contains no such ingredient, the name of the characterizing flavor may be
14  immediately preceded by the word "natural" and shall be immediately followed by
15  the word "flavored" in letters not less than one-half the height of the letters in the
16  name of the characterizing flavor, e.g., 'natural strawberry flavored shortcake,' or
17  'strawberry flavored shortcake'." 21 C.F.R. 101.22(i)(1)(i).

18      FDA labeling regulations, and accordingly California law, also provide that,
19  "If the food contains both a characterizing flavor from the product whose flavor is
20  simulated and other natural flavor which simulates, resembles or reinforces the
21  characterizing flavor, the food shall be labeled in accordance with the introductory
22  text and paragraph (i)(1)(i) of this section and the name of the food shall be
23  immediately followed by the words "with other natural flavor" in letters not less
24  than one-half the height of the letters used in the name of the characterizing flavor.
25  21 C.F.R § 101.22(i)(1)(iii).

26      This federal and state requirement is clarified further: "If <u>none</u> of the natural
27  flavor used in the food is derived from the product whose flavor is simulated, the

28
                                                         -5-

food in which the flavor is used shall be labeled either with the flavor of the product from which the flavor is derived or as 'artificially flavored.'" (emphasis added) 21 C.F.R § 101.22(i)(1)(ii). Plaintiff alleges that the Product package improperly advertises that the vanilla flavor is derived only from vanilla beans. Compl. 39. Yet Defendant's listing of "natural flavors" on the Product's ingredient list, and its failure to state "vanilla" or "vanilla flavor" on the ingredient list indicates that the vanilla flavor in the Product is derived from some other source. Compl. ¶¶ 34-36.

Mr. Zaback seeks to represent a class provisionally defined as: All persons, who are California residents who purchased "Bear Naked Granola Fit V'nilla Almond," or who purchased "Bear Naked Granola Fit V'nilla Almond" within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods. Compl. ¶ 49.

## LEGAL STANDARDS

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court "accepts allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); Fed. R. Civ. P. 12(b)(6). Thus, to survive a motion to dismiss, a plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" or that recovery is "remote" or "unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

-6-

## ARGUMENT

**A.     Plaintiff Properly Alleges That the Product Label Violates California Law.**

Defendant argues that Zaback's Complaint should be dismissed on the grounds that it does not state a claim to relief. Def.'s Mem. 7-10 *and passim*. That is not correct. Zaback properly alleges that the Product label fails to comply with FDA food-labeling regulations and therefore violates California law. Cal. Health & Safety Code § 109875 *et seq.* ("Sherman Law"), Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"). Zaback alleges that the Product labeling violates the FDA food-labeling regulations found at 21 C.F.R § 101.22. Compl. ¶ 28. These regulations are incorporated verbatim by reference into California's Sherman Law, *see* Cal. Health & Safety Code § 110100(a), and serve as predicate violations thereby for Zaback's UCL claims. Cal. Bus. & Prof.Code § 17200, Compl. ¶ 78.

Zaback's Complaint alleges *inter alia* that the Product packaging includes "a vignette of vanilla beans with only the word "Vanilla" below it on the back of the package" Compl. ¶ 32, and that the Product's labeling including these representations would mislead a reasonable consumer, Compl. ¶¶ 29-47.

The Complaint discusses the FDA regulations defining a "characterizing flavor" under those regulations, properly alleges that "vanilla" is a characterizing flavor for the Product, Compl. ¶ 28, describes the specific wording and precise location on the label where the violative label claims are found, Comp. ¶ 32, and identifies the specific FDA regulation that those label claims violate, Comp. ¶¶ 36-38. Zaback accordingly alleges in his Complaint that because the Product is improperly labeled with respect to its characterizing flavor under federal law that

-7-

the Product violates the specified FDA regulations and consequently also violates California law. Compl. ¶¶ 39, 63-65. Zaback further alleges not only that the Product labeling is illegal under federal and California law, but also that it is misleading to a reasonable consumer, Compl. ¶ 90, and that he relied on the misleading labeling when he purchased the Product. Compl. ¶ 67. This is all that is necessary to state a violation of California law sufficient under Fed. R. Civ. P. 12(b)(6) to state a claim for which relief can be granted. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting any "unlawful, unfair[,] or fraudulent business act or practice" ); Cal. Civ. Code § 1770(a) (prohibiting "unfair methods of competition and unfair or deceptive acts or practices"); Cal. Bus. & Prof. Code § 17500 (making it unlawful to induce the public to enter into any obligation through the dissemination of "untrue or misleading" statements); *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995) (in order to state a claim under the UCL, CLRA, or FAL, a party must allege that the product's labels are likely to deceive a reasonable consumer); *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 951 (Cal.2002) ("[T]hese laws prohibit 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'").

Defendant argues that Plaintiff's UCL, CLRA, and FAL claims should all be dismissed under various theories including federal preemption and the "reasonable consumer" test under California law. Def.'s Mem. *passim.* "The UCL addresses 'unfair competition,' which 'means and includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by the false advertising law.'" *Id.* (quoting Cal. Bus. & Prof. Code § 17200). "Its purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" *Id.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002), *as modified* (May 22,

-8-

2002)). The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prongs. *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)). "[T]he primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with ancillary relief in the form of such restitution 'as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.'" *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009) (quoting Cal. Bus. & Prof. Code § 17203).

The UCL includes "unlawful", "unfair", and "fraudulent" prongs. (Cal. Bus. & Prof. Code § 17200). "To be 'unlawful' under the UCL, the advertisements must violate another 'borrowed' law." *Davis*, 691 F.3d at 1168 (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 973 P.2d 527, 539–40 (1999) ("'[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable.") (citations omitted)). "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." *Davis*, 691 F.3d at 1168 (citations omitted). Here, Plaintiff alleges that Defendant has violated the FDA food-labeling regulations which are incorporated verbatim by reference into California's Sherman Law.  Compl. ¶¶ 60-101. Thus, Plaintiff has stated a claim under the UCL "unlawful" prong.

With respect to Plaintiff's claim under the UCL "unfair" prong, Defendant advances no arguments as to why Plaintiff's claims would fail. *See Allred v. Kellogg Company*, 2018 WL 1158885, at *4 (S.D. Cal., Feb. 23, 2018, No. 17-CV-1354-AJB-BLM) ("Because Kellogg failed to advance any argument that [plaintiff's] complaint does not meet the recognized tests [under the UCL unfair prong], the Court declines discussing them now.").

As shown above, Zaback alleges that Defendant's Product labeling is unlawful under federal law and by extension under the UCL. This states a proper claim under California's UCL.

With regard to the CLRA, "[t]he Legislature enacted the CLRA 'to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.'" *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 954, 393 P.3d 85, 88–89 (2017) (quoting Cal. Civ. Code § 1760). "To promote' these purposes, the Legislature directed that the CLRA 'be liberally construed and applied.'" *Id.* "After setting forth a list of unlawful 'methods of competition and unfair or deceptive acts or practices,' the CLRA authorizes any consumer who has been damaged by an unlawful method, act, or practice to bring an action for various forms of relief, including '[a]n order enjoining the methods, acts, or practices.'" *Id.* (quoting Cal. Civ. Code § 1780).

Zaback alleges that he and the proposed class he offers to represent were damaged by Defendant's false representations and unlawful and unfair methods of competition and deceptive practices. This states a proper claim under California's CLRA.

The FAL "makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]'" *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1023-24 (N.D. Cal. 2011) (quoting Cal. Bus. & Prof. Code § 17500)). "The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public... Consequently, even a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under this

-10-

section." *Davis*, 691 F.3d at 1162 (internal citations, quotations, and alterations omitted).

Zaback alleges that Defendant's labeling is both false and likely to deceive the public. This states a proper claim under California's FAL. Zaback fully and adequately alleged causes of action under California's UCL, FAL, and CLRA. Defendant's Motion to Dismiss fails to mount any defense to those allegations either sufficient or properly raised under Fed. R. Civ. P. 12, see below, and should be denied.

**B.    Defendant's Motion Concedes That the Product Violates FDA Regulations and Therefore Violates California Law.**

Defendant argues that the complaint should be dismissed on the grounds of federal preemption and the "reasonable consumer" standard, both of which are invalid grounds for dismissal as discussed below. In addition, Defendant's Memorandum in every practical effect concedes that the Product as labeled violates both federal and California law. See, e.g., Def.'s Mem. 13:23-25.

Defendant's Memorandum admits that the Product package includes a pictorial representation of vanilla beans accompanied only by the word, "Vanilla." Def.'s Mem. 13:23-25. This violates FDA labeling regulations and California law on its face. *See* 21 C.F.R § 101.22, (i)(3)(iii). Defendant concedes that "vanilla" is a characterizing flavor for the Product, as it must. Def.'s Mem.13:23-25; *see* 21 C.F.R § 101.22(i).   Defendant's Memorandum, although improperly introducing fact-based argument outside the pleadings, see Section G below, also concedes that the Product contains flavoring ingredients other than real vanilla. Mem. at 20:25; 21:16-17, 19-20 ("Bear Naked granola contains 'natural flavor,' including natural flavor derived from the vanilla plant[;]" . . . . "[the Product] contains 'natural flavor' *and* 'natural vanilla flavor. . .'") (emphasis added.) Defendant admits that

the Product contains flavorings other than actual vanilla. *See*, 21 C.F.R § 169.3; 169.175-179.[1]

Under California's Sherman Law, which incorporates by reference the FDA regulations at 21 C.F.R § 101.22, under these exact circumstances wherever the name of the characterizing flavor appears on the label (other than in the statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase, the words ["natural ____ flavor" /"naturally ___ flavored"/"with other natural flavors"] shall immediately and conspicuously precede or follow such name, without any intervening written, printed, or graphic matter. 21 C.F.R § 101.22(i)(3)(iii). The Product's packaging violates this FDA regulation and therefore also violates California's Sherman Law. *See* Comp. ¶ 32.

Defendant quoted from the regulations at 21 C.F.R § 101.22 *passim* in its Memorandum, but each time omitted the governing section, 21 C.F.R § 101.22(i)(3)(iii) that Defendant violated. *See, e.g.,* Def.'s Mem. 6:2-7, *and passim*.

Under the NLEA, FDCA, and the enabling regulations at 21 C.F.R § 101.22, in order to comply with federal law Defendant's Product must include the required clarifying terms either immediately preceding or immediately following the word "Vanilla," everywhere it appears prominently on the Product package other than in the statement of ingredients. *Id.* As Zaback alleges, Compl. ¶ 32, and Defendant concedes, Def.'s Mem. 13:23-25, the Product fails to do that.

As discussed further in Section C, below, the FDA requires this clarity in food labeling because a reasonable consumer, viewing the word "Vanilla" prominently and in isolation on a food product package, particularly next to a

---

[1] The FDA has established very narrow definitions of flavorings that may be advertised as real "vanilla." *See*, 21 C.F.R § 169.3; 169.175-179. Flavoring materials "derived from vanilla," "derived from the vanilla plant," or "natural flavor … including natural vanilla flavor" do not meet these FDA definitions and therefore may not be advertised in food products as vanilla. *Id.*

pictorial representation of actual vanilla beans, may reasonably assume that the product is flavored exclusively with those vanilla beans. Compl. ¶ 11.

Defendant is a sophisticated mass-market food processor. Each word and image Defendant places on the Product package is chosen to enhance the Product's appeal to consumers. Defendant's use of only the word "Vanilla" on its package, with a pictorial "vignette" of natural vanilla beans but without any of the FDA and California-law-required clarification, is patently deceptive. This omission violates California law, Cal. Health & Safety Code § 109875 *et seq.* ("Sherman Law"), Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and Cal. Bus. & Prof. Code §§ 17500, *et seq.* Defendant's argument for dismissal, which omits any discussion of its actual violation, therefore fails.

**C.    A Reasonable Consumer Would Be Deceived by the Product Label.**

Zaback alleges that because the Product label displays a clear image of a natural vanilla bean, accompanied only by the word, "Vanilla," Zaback like any reasonable consumer had the right to conclude that the Product contained and was flavored exclusively with actual vanilla from real vanilla beans. This conclusion was justified under California law because the Product packaging under the applicable federal laws guaranteed this. 21 C.F.R § 101.22 (i)(3)(iii). The Product as it is labeled violates both federal and California law.

California consumers are entitled to rely on food manufacturers to follow the law and are entitled to have reasonable expectations accordingly. *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1087 (2008); *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939–40 (9th Cir. 2008). Defendant's argument is contrary to settled California law. *Id.* Defendant focuses its argument on purported facts that Defendant improperly introduces, Def.'s Mem. 3:15 & *passim*, ignoring patent

violations evident on the Product. This is sleight of hand, not legal argument; the Court should not be persuaded.

Zaback alleges that Defendant violated the CLRA, FAL, and UCL. To state a claim under these laws, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer. *See Williams*, 552 F.3d at 938 (unless advertisement targets a particularly vulnerable group, courts must evaluate claims for false or misleading advertising from the perspective of a reasonable consumer); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("[V]iolations of the UCL, FAL and CLRA are evaluated from the vantage point of a 'reasonable consumer.'").

These California consumer protection statutes are governed by the "reasonable consumer" standard. *See Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, Mr. Zaback need only show "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.,* 105 Cal.App.4th 496, 508 (2003).

A reasonable consumer is the "ordinary consumer within the target population," *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-507, 510 (2003), who is "not versed in the art of inspecting and judging a product in the process of its preparation or manufacture," *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006), and who is not "expected to look beyond misleading representations on the front of the box to discover the truth from the . . . small print on the side of the box." *Williams*, 552 F.3d at 939. "[T]he primary evidence in a false advertising case is the advertising itself," *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003), and "[t]he 'misleading character' of a given representation 'appears on applying its words to the facts.'" *Jefferson v. Chase*

1    *Home Fin.*, 2008 WL 1883484, at \*17 (N.D. Cal. Dec. 14, 2007) (quoting *Colgan*,

2    135 Cal. App. 4th at 679)).

3         Defendant argues that using the word "vanilla" in isolation and even

4    "including the vignette of a vanilla bean" does not create the expectation by a

5    reasonable consumer that the product is flavored exclusively with vanilla from

6    actual vanilla beans. Def.'s Mem. 17:12-18:2. That is not what federal and

7    California law dictate. Defendant's conduct in so labeling its Product is precisely

8    what federal and California law prohibit, because lawful, non-misleading labeling

9    is exactly what a reasonable consumer is entitled to rely on. *See* 21 C.F.R § 101.22

10   (i), Cal. Health & Safety Code § 109875 *et seq.*; Cal. Bus. & Prof. Code §§ 17200,

11   *et seq.*

12        Plaintiff plausibly alleges that the labels for the Products are misleading to a

13   reasonable consumer because they show a pictorial representation of real vanilla

14   beans and the caption, "Vanilla," and this label statement is both misleading and

15   unlawful because it is prohibited by federal and California law. 21 C.F.R § 101.22

16   (i)(3)(iii); Cal. Health & Safety Code § 109875 *et seq.* Defendant's "reasonable

17   consumer" argument fails.

18        **D.    Zaback satisfies the reasonable consumer test.**

19        Zaback satisfies the reasonable consumer test. Zaback alleges in his

20   Complaint only usual and customary consumer behavior – he read and relied on

21   the Product labels and expected the Product to conform to those labels. Compl. ¶

22   11. This is all that is required for Zaback to allege that he as a reasonable consumer

23   would be and was misled. *See Kellogg Co.*, 2018 WL 1158885, at \*3 ("Although

24   Kellogg retorts that its products do not intend nor promote to be 'all natural' or

25   'premium' products, [under the facts as pled] [a] reasonable consumer could

26   construe the packaging as depicting all natural ingredients and flavors.").

27

28

-15-

1
2
3
4
5
6
7
8

Defendant concedes that the Product packaging includes the prominent claim "Vanilla" without any of the required clarifying language. Zaback, and the consumers he proposes to represent, were reasonably entitled to form and did form the justified expectation that the Product conformed to its labeling and to California law. Because it did not, Zaback's Complaint allegations meet the reasonable consumer test. The Product label violates FDA regulations and California law and is misleading in any case. Defendant's Motion should be denied.

9
10

**E.    Whether a Labeling Statement is Likely to Deceive a Reasonable Consumer is Misplaced Argument on a Motion to Dismiss.**

11
12
13

Even if Defendant's "reasonable consumer" argument was not meritless it would still be misplaced on a motion under Rule 12(b)(6). *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

14
15
16
17
18

The Ninth Circuit Court of Appeals has repeatedly recognized that whether a business practice is deceptive will commonly be a question of fact not appropriate for decision on a motion to dismiss. *Williams*, *supra*, 552 F.3d at 938; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014).

19
20
21
22
23
24
25
26
27

More specifically, whether a reasonable consumer would be misled "is a question of fact not appropriate for determination [on a motion to dismiss]." *Williams*, 552 F.3d at 938; *Davis*, 691 F.3d at 1162; *Lilly*, 743 F.3d at 665. Following 9th Circuit authority, California District Courts routinely deny motions to dismiss claims for failing to satisfy the reasonable consumer test. *See, e.g.*, *Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *4 (C.D. Cal. Mar. 17, 2011) (rejecting argument that "no reasonable consumer could be misled" by package labeling and noting that "[a]lthough this factor may be relevant in the fact-intensive reasonable consumer analysis, *Williams* instructs

28

-16-

1   that such reasoning cannot be the basis for granting a motion to dismiss"); *Martin*
2   *v. Tradewinds Beverage Co.*, No. CV16-9249 PSG (MRWX), 2017 WL 1712533,
3   at *9 (C.D. Cal. Apr. 27, 2017), *on reconsideration*, No. 16-CV-9249 PSG
4   (MRW), 2018 WL 313123 (C.D. Cal. Jan. 4, 2018) (same); *Hall v. Diamond*
5   *Foods, Inc.*, No. C-14-2148 MMC, 2014 WL 5364122, at *4 (N.D. Cal. Oct. 21,
6   2014) (claims are not subject to dismissal for failure to allege facts satisfying the
7   reasonable consumer test.); *Ivie v. Kraft Foods Global, Inc.*, No. 12–cv–2554
8   RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013) ("[T]he factual
9   determinations [regarding ingredient use]... and whether a reasonable consumer
10  would have thus been misled . . .  are inappropriate for determination on a motion
11  to dismiss.").

12       Defendant's "reasonable consumer" argument is not only legally and
13  factually deficient but also misplaced on a motion under Fed. R. Civ. P. 12(b)(6).
14  *Williams*, 552 F.3d at 938.

15       **F.   Plaintiff's State Law Claims Are Not Preempted.**

16            **1.   California's Sherman Law is not preempted because it**
17                 **imposes requirements identical to the NLEA.**

18       Defendant argues that Zaback's claims are preempted under the Nutrition,
19  Labeling and Education Act, 21 U.S.C. § 343-1(a) ("NLEA"). Def.'s Mem. 6.
20  Because the NLEA does not preempt state-law claims that seek to impose
21  requirements identical to those of the Act, Defendant's argument here too fails. *See*
22  *E.g. In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1094 (2008), *Astiana v.*
23  *Hain Celestial Group*, Inc., 783 F.3d 753, 759 (9th Cir. 2015).

24       "When addressing questions of express or implied pre-emption, we begin
25  our analysis 'with the assumption that the historic police powers of the States [are]
26  not to be superseded by the Federal Act unless that was the clear and manifest
27  purpose of Congress.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77, 129 S. Ct. 538,
28

-17-

543, 172 L. Ed. 2d 398 (2008) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S. Ct. 1146, 1152, 91 L. Ed. 1447 (1947)). "When Congress passed the FDCA and its subsequent amendments creating national uniform nutrition labeling, it expressly preempted state law that was inconsistent with its requirements." *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013). The *Bromley Tea* court went on to note regarding these laws that, "[Congress], however, did not attempt to completely preempt state laws regarding the marketing of food products. To the contrary, Congress specifically anticipated states enacting their own identical laws." *Id.* (citing *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1090 (2008)).

The *Bromley Tea* court further found that, "California complied with this requirement in passing the Sherman Law, which expressly adopts the federal labeling requirement." *Id.* Under the Sherman Law, "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act ... shall be the food regulations of this state." *See* Cal. Health & Safety Code § 110100(a).

Defendant claims that the express preemption provision of the NLEA bars this action. Def.'s Mem. 10-11. Defendant is mistaken. The NLEA's preemption provision reads as follows:

> [N]o State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce… (3) any requirement for the labeling of food of the type required by section… 343(k) of this title [concerning flavors] <u>that is not identical to the requirement of such section</u>[.]

21 U.S.C. § 343-1(a)(3) (emphasis added).

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

CASE NO. 3:20-CV-268-BEN-MSB

Plaintiff's claims under California law are not preempted because the requirements of California's Sherman Law are identical to the requirements of the federal food labeling provisions of the NLEA. *See* Cal. Health & Safety Code § 109875 *et seq.* (incorporating 21 C.F.R § 101.22); *see also Victor v. R.C. Bigelow, Inc.,* No. 13-CV-02976-WHO, 2014 WL 1028881, at *10 (N.D. Cal. Mar. 14, 2014) ("The Sherman Law expressly incorporates the FDCA [and NLEA] as California's own law."); *Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-CV-00296-WHO, 2013 WL 5514563, at *5 (N.D. Cal. Oct. 4, 2013) ("the Sherman Law is not an obstacle to Congress's purpose and objectives"); *Pratt v. Whole Foods Mkt. California, Inc.*, No. 5:12-CV-05652-EJD, 2014 WL 1324288, at *4 (N.D. Cal. Mar. 31, 2014) ("Plaintiff's action is based on the Sherman Law, a parallel state law that mirrors the relevant sections of the FDCA and the NLEA."); *Kosta v. Del Monte Corporation*, 12–cv–01722–YGR, 2013 WL 2147413 (N.D.Cal., May 15, 2013) (finding no conflict between the Sherman Law and FDCA and refusing to find that the Sherman Law claims were preempted); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. at 573–74.

Defendant's argument that Zaback's claims are preempted by the NLEA is not correct. Def.'s Mem. 10-11. Because California's Sherman Law and Zaback's UCL claims incorporate those requirements verbatim by reference, and because Zaback's remaining California law claims impose requirements that also mirror and do not conflict with those of the NLEA, his claims are not preempted. *Kosta*, *supra*.

> **2.   Plaintiff's California law claims that the Product labeling is unlawful are not preempted even in the face of Defendant's improper arguments, because the result is still the same as under the federal NLEA.**

Defendant's argument that the federal NLEA preempts Zaback's claims

-19-

1   further runs afoul of the fact that Zaback's allegation that the Product labels are
2   unlawful under California law is identical to the conclusion reached under the
3   corresponding federal law, even considering Defendant's improper fact-based
4   arguments outside the pleadings. See Section G, below. Because Plaintiff's
5   complaint alleges, consistent with the NLEA, that the Product label statement,
6   "Vanilla", accompanied by pictorial representation of vanilla beans <u>but not</u> by the
7   FDA-required clarifying language, is a violation of both California law and the
8   FDCA as amended by the NLEA, his claims are not preempted by the Act. *See In*
9   *re Farm Raised Salmon Cases*, *supra*, at 1098 (preemption does not preclude
10  private remedies for violations of state laws that are identical to federal laws).

11      Defendant, in its argument for preemption, improperly introduces fact-based
12  argument constructed on purported factual allegations outside the pleadings, see
13  below, but even these improper fact-based arguments fail – none of Defendant's
14  purported facts dispute the critical allegations establishing the Product's violation.
15  *See* Compl. ¶¶ 27-28, 32-44. Defendant's argument fails on both counts – both
16  because these fact-based arguments are procedurally improper and because even
17  Defendant's purported "facts" as discussed below do not negate the violations
18  Zaback alleges. *See, e.g.*, *Engurasoff v. Coca-Cola Co.*, No. C 13-03990 JSW,
19  2014 WL 4145409, at *3 (N.D. Cal. Aug. 21, 2014) (finding the Court "cannot
20  make a factual determination upon a motion to dismiss as to [the function of
21  ingredients]."); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2014 WL
22  1048640, at *4 (N.D. Cal. Mar. 14, 2014) ("At the pleading stage [the Court]
23  cannot second guess the truth of the plaintiffs' allegations....").

24      Each of the authorities Defendant cites is distinguishable. Defendant cites to
25  *Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011)
26  in which the court held that the *Dvora* plaintiffs' claims were preempted. In *Dvora*,
27  however, the label for the "Total Blueberry Pomegranate" cereal product actually

28

-20-

complied with FDA regulations as it appropriately stated it was both "Naturally and Artificially Flavored." *Id.* at *1-2. In contrast, the Product at issue here violates FDA regulations on its face as it includes the label statement "Vanilla" without the FDA and California-law required clarifying language needed to bring this label statement into FDA compliance. *See* Compl. ¶¶ 32, 39; *and see, e.g.,* 21 C.F.R § 101.22 (i)(3).

Defendant's reliance on *Viggiano v. Hansen Nat. Corp.*, is equally misplaced because that case involved the artificial sweetener ingredients sucralose and ace-k which are expressly exempted from federal flavor regulations. 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013).  In *Viggiano*, the Court concluded only that those specific ingredients, sucralose and ace-k, which are defined in the relevant regulations as functioning exclusively as sweeteners, not flavorings, are not regulated as flavorings by the FDA. *Id.* at 889. The *Viggiano* court therefore ruled that FDA's regulations pertaining to natural flavorings did not apply and that the label statement "No artificial flavoring" was therefore accurate. *Id.*

Here, in contrast, Defendant is alleged to have violated FDA flavor-labeling regulations with respect to flavors, Compl. ¶ 39, and actually did violate those regulations, *see*, *e.g.*, Def.'s Mem. 6:2-7. Plaintiff's complaint alleges that the Product's label violates the federal FDA food-labeling regulations, which are incorporated verbatim by reference into California's Sherman Law, and therefore violates both California's Sherman Law and the UCL. Compl. ¶¶ 19-47. The FDA regulations, incorporated by reference into the UCL unlawful prong, state that at a minimum the Product label statement "Vanilla" without the required clarification is not only misleading but also unlawful. 21 C.F.R § 101.22(i)(3). The holding of *Viggiano* is inapplicable here. *See, Viggiano, supra*.

Zaback properly alleged these violations of California and federal law and the necessary supporting facts in his Complaint. *See, e.g.*, Compl. ¶¶ 60-101. This

Court accepts Plaintiff's factual allegations as true, as it must at the pleadings stage (*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); Fed. R. Civ. P. 12(b)(6)), and Defendant's improperly alleged, purported fact-based arguments are not to the contrary. Zaback's claims are not preempted.

## G.   Defendant's Motion to Dismiss Violates Fed. R. Civ. P. Rule 12

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is limited to matters raised by the Pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a  Rule 12(b)(6) motion."); *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)

("A Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not, however, resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses."). "A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

Defendant, however, beginning immediately on page 1 and continuing throughout its Memorandum, improperly argues unsupported factual contentions found nowhere in the Complaint's allegations. *See, e.g.*, Def's Mem. 1: 20-21; 1:27-28; 2:2-5; 2:8-9; 8:20; 11:28-12:1; 12:20-21; 13:26-28; 21:16-17. This is improper argument on a Motion under Rule 12(b)(6) and cannot support dismissal under that rule. *Id*.

Defendant bases its argument on all these unsupported, purportedly factual allegations including, for example,

- "the source of the product's natural flavor . . . *is derived* – from vanilla." (*emphasis in the original*) (Def.'s Mem. 1:20-21)

- "… and the food contains natural flavor derived from that ingredient. . ." (Def.'s Mem. 1:27-28)

- "because [the Product] indisputably contains natural flavor. . ." (Def.'s Mem. 2:26-27)

- "… the product's use of vanilla flavor derived from vanilla beans." (Def.'s Mem. 8:20)

- ". . .[when] the product contained natural flavor derived from the characterizing food ingredient." (Def.'s Mem. 12:24-25)

*et al.* These are all purported factual allegations but none of them come from the pleadings. *See generally* Compl. All of these purported "facts" are inserted into the discussion by Defendant for the first time in Defendant's Memorandum. *Id.*

Defendant proceeds to argue for dismissal based on each of these unsupported and improper allegations, contending, for example, that the Product's labeling "is expressly permitted" by FDA – spoiler alert, it isn't – because, Defendant alleges, the Product contains "natural flavor derived from [vanilla]". Def.'s Mem. 2:3. This, like the rest of Defendant's supposed factual allegations and the legal arguments that Defendant constructs based on them, is simply improper on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668. 688 (9th Cir. 2001).

There are good reasons why motions under Rule 12(b)(6) are limited in subject matter. Motions under Rule 12(b)(6) are confined to the pleadings and documents inextricably connected to those pleadings. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1554–55 (9th Cir. 1989). At the early stages in the litigation, before discovery has progressed or even fairly commenced, the defendant typically has a lopsided information advantage. Most of the factual

-23-

evidence necessary to definitively either prove or disprove the plaintiff's claims is available only to the defendant, not to the plaintiff. It is unfair, therefore, to allow a defendant to make factual arguments outside the pleadings when the plaintiff may have no practical way to refute such arguments even if Defendant's arguments are patently false. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

But that is just what Defendant does here throughout its Memorandum. Defendant bases its arguments not on allegations found in the Complaint but rather on purported factual allegations that Defendant improperly introduces, including for example the allegation that "the source of the product's natural flavor, [] can be derived – and, in fact, *is derived* – from vanilla." Def.'s Mem. 1:20-21. Like the rest of Defendant's allegations, this purported "fact" is nowhere found in the Complaint. Defendant makes this and its other purportedly factual allegations without citation or record support and then unabashedly constructs legal argument around them. *See e.g.* Def.'s Mem. 11:25-12:11. Defendant sprinkles numerous such prejudicial allegations and argument throughout its Memorandum. That this tactic is improper on a 12(b)(6) motion should go without saying.

Defendant improperly peppered its Motion with purported factual contentions and repeatedly argued them to the Court. Because the Court cannot "un-ring the bell," Defendant's 12(b)(6) Motion should be converted to a Motion for Partial Summary Judgment under Rule 56 to allow Zaback to fairly respond to Defendant's improper factual allegations. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) (a 12(b)(6) motion must be treated as a motion for summary judgment if materials outside the pleadings are submitted in support or opposition to the motion, and if the district court relies on those materials); *See also U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary

-24-

judgment, and it must give the nonmoving party an opportunity to respond."); *See also Halebian v. Berv*, 644 F.3d 122, 129-33 (2d Cir. 2011) (when determination of a motion to dismiss required consideration of evidence that was outside of the pleadings, the district court was required to convert the motion to one for summary judgment). In any event, on a Motion to Dismiss under Rule 12(b)(6), all of Defendant's arguments based on purported factual allegations outside the Complaint are improper and cannot provide a basis for dismissal. *See Lee, supra* at 688.

<u>**CONCLUSION**</u>

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any portion of the Complaint, Plaintiff respectfully requests that leave to amend be freely given. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Dated:    April 20, 2020

Respectfully submitted,

**LAGUARDIA LAW, APC**

s/Eric A. LaGuardia_____

**LAW OFFICES OF DEVON K. ROEPCKE, PC**
Devon K. Roepcke

Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

CASE NO. 3:20-CV-268-BEN-MSB