**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Telephone:   (312) 222-9350
Facsimile:   (312) 527-0484

Attorneys for Defendant
Kellogg Sales Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLAN ZABACK, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-268-BEN-MSB |
| Plaintiff, | The Honorable Roger T. Benitez |
| v. | **REPLY IN SUPPORT OF KELLOGG'S MOTION TO DISMISS CLASS ACTION COMPLAINT** |
| KELLOGG SALES COMPANY and DOES 1 through 10, inclusive, | Hearing Date:  May 4, 2020 |
| Defendants. | Hearing Time:  10:30 a.m. |
| | Courtroom:     5A |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 2

    I.      Plaintiff Has Not Articulated a Plausible Basis for His Allegation That the Natural Flavor in Bear Naked Granola is Not Derived From the Vanilla Plant ............................................................................................. 4

    II.    Plaintiff Cannot Avoid Dismissal Based on Alleged Technical Violations of FDA Regulations—Which He Identified for the First Time in His Opposition Brief ...................................................................... 6

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................5

*Azoulai v. BMW of N. Am., LLC*,
  No. 16-589, 2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ...........................8

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
  945 F.3d 1225 (9th Cir. 2019) .......................................................................9

*Brown v. Starbucks Corp.*,
  No. 18-2286, 2019 WL 4183936 (S.D. Cal. Sept. 3, 2019) ...........................7

*Figy v. Frito-Lay N. Am. Inc.*,
  67 F. Supp. 3d 1075 (N.D. Cal. 2014)...........................................................4

*Foster v. City of Fresno*,
  392 F. Supp. 2d 1140 (E.D. Cal. 2005) ........................................................3

*Gangitano v. Cabrillo Coll.*,
  No. 17-2870, 2017 WL 4168594 (N.D. Cal. Sept. 20, 2017)........................7

*In re Sony Gaming Networks Customer Data Sec. Breach Litig.*,
  996 F. Supp. 2d 942 (S.D. Cal. 2014)...........................................................8

*Mason v. Coca-Cola Co.*,
  774 F. Supp. 2d 699 (D.N.J. 2011) ..............................................................10

*Nordberg v. Trilegiant Corp.*,
  445 F. Supp. 2d 1082 (N.D. Cal. 2006).........................................................7

*Provencio v. Vazquez*,
  258 F.R.D. 626 (E.D. Cal. 2009) ...................................................................7

*Ramirez v. Ghilotti Bros., Inc.*,
  941 F. Supp. 2d 1197 (N.D. Cal. 2013).........................................................4

*Reid v. Johnson & Johnson*,
  780 F.3d 952 (9th Cir. 2015) .........................................................................8

*Shaeffer v. Califia Farms, LLC*,
    44 Cal. App. 5th 1125 (2020) ......................................................................... 10

*Tarzian v. Kraft Heinz Foods Co.*,
    No. 18-7148, 2019 WL 5064732 (N.D. Ill. Oct. 10, 2019) ............................. 5

*Victor v. R.C. Bigelow, Inc.*,
    No. 13-2976, 2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ........................... 9

*Viggiano v. Hansen Natural Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ........................................................ 3, 7

*Workman v. Plum, Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) ......................................................... 9

**OTHER AUTHORITIES**

21 C.F.R. § 101.22 ...........................................................................................*passim*

REPLY IN SUPPORT OF KELLOGG'S MOTION TO DISMISS CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-268-BEN-MSB

## INTRODUCTION

The crux of Plaintiff's complaint is that the packaging of Bear Naked granola implicitly represents that the product is "flavored with vanilla flavoring derived exclusively from vanilla beans" when that is allegedly untrue. Compl. ¶ 32. According to Plaintiff, the fact that the product (1) purports to be "naturally flavored" and to contain "natural flavor" — which are statements permitted by and consistent with the FDA regulations — and (2) does not specifically list "vanilla flavor" or "vanilla extract" as ingredients constitutes a "tacit acknowledgment" that the flavoring in Bear Naked granola is not derived from vanilla. *Id.* ¶ 36. But as explained in Kellogg's motion to dismiss, the use of the phrases "naturally flavored" and "natural flavor" is entirely consistent with the granola's use of natural flavor derived from vanilla beans (as well as almond flavor), as the FDA does not require a manufacturer to identify the *source* of a product's natural flavor in the statement of ingredients. For this reason alone, Plaintiff's complaint fails to state a plausible claim.

Plaintiff's opposition brief does not address this argument in any meaningful way. Plaintiff does not dispute that his allegation about the source of the product's natural flavor is based solely on the *absence* of the phrases "vanilla extract" and "vanilla flavoring." Nor does Plaintiff dispute that under controlling law, Bear Naked is entitled to use the term "natural flavor" to describe flavoring derived entirely from vanilla beans. Instead, Plaintiff simply reiterates his allegation that Bear Naked's "failure to state 'vanilla' or 'vanilla flavor' on the ingredient list indicates that the vanilla flavor in the Product is derived from some other source." Opp'n at 6. But simply repeating this baseless allegation does not make it plausible, and it is woefully insufficient to avoid dismissal.

Nor does Plaintiff's opposition brief meaningfully address any of the other grounds for dismissal identified in Kellogg's motion to dismiss. Plaintiff does not address Kellogg's argument that the FDA regulations squarely preempt Plaintiff's challenges to Bear Naked's use of the term "naturally flavored" and its alleged failure to disclose the presence of "artificial" vanilla flavor. Instead, Plaintiff abandons these claims in favor of an entirely new theory of liability that is notably absent from his complaint — namely, that the presence

of a vanilla bean vignette accompanied by the word "vanilla" on the back of the Bear Naked packaging technically violates the FDA flavor regulations because the word "vanilla," as used in that particular instance, fails to appear in conjunction with the term "naturally flavored." Plaintiff invokes this alleged technical violation repeatedly throughout his brief; indeed, it is his *only* response to Kellogg's argument that Plaintiff has failed to plausibly allege Bear Naked's labeling is likely to mislead a reasonable consumer.

The problem with Plaintiff's new theory of lability — aside from the fact that it is new — is twofold. First, the regulation on which Plaintiff relies applies only if the word "vanilla" can "be easily seen under customary conditions of purchase," but the vignette appears only on the *back* of the granola package. Second, the front and back of the package clearly disclose that the granola is "naturally flavored," and Plaintiff allegedly relied on this disclosure when making his purchasing decision. Thus, he cannot plausibly allege that he also relied on, or was misled by, the absence of that same disclosure from an adjacent portion of the granola packaging. Indeed, the packaging as a whole dispels any possibility that a reasonable consumer could be misled in the manner alleged by Plaintiff.

This Court should accordingly grant Kellogg's motion to dismiss.

## ARGUMENT

In his opposition brief, Plaintiff spills copious ink reciting the allegations in his complaint and summarizing the applicable law. Yet he does not meaningfully address — and often outright ignores — the specific arguments Kellogg raised in its motion to dismiss. Plaintiff has waived many of his claims for that reason alone. Nor does Plaintiff articulate how his complaint plausibly alleges the source of Bear Naked's vanilla flavoring. And he unsuccessfully attempts to skirt the preemptive effect of federal law, as well as his failure to state a plausible claim of consumer deception, by relying exclusively on an alleged technical violation of the FDA flavoring regulations that is not identified in Plaintiff's complaint. Nothing in Plaintiff's opposition brief saves his lawsuit from dismissal.

As a threshold matter, Plaintiff's opposition brief completely fails to address three key arguments Kellogg raised in its motion to dismiss:

First, Plaintiff fails to address Kellogg's argument that he cannot challenge the "Naturally Flavored" representation on the basis that the product's vanilla flavoring is allegedly not derived entirely from vanilla beans.  As Kellogg explained in its motion to dismiss, this theory is preempted, as federal law *requires* the use of the statement "naturally flavored" if the product contains any natural flavor derived from the characterizing flavoring ingredients (*i.e.*, vanilla beans and almonds).  *See* MTD at 11-14.

Second, Plaintiff fails to address Kellogg's argument that any claim premised on its alleged failure to disclose "artificial" flavoring in Bear Naked granola is also preempted, as Plaintiff fails to allege that the granola contains "artificial" flavoring as that term is defined by the FDA.  *See id.* at 14-16; *see also* 21 C.F.R. § 101.22(a)(1) (noting that flavor is "artificial" only if it is "not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material").[1]

Third, Plaintiff fails to address Kellogg's argument that several of the phrases challenged in the complaint — including the representation that Bear Naked granola is "good and wholesome," the use of the phrase "highest quality foods," and the statement that it is free of "unfamiliar ingredients" — constitute non-actionable puffery and that he lacks standing to challenge these statements in any event.  *See* MTD at 22-23.

By failing to address these arguments in his opposition brief, Plaintiff has accordingly waived any claims based on these representations and/or alleged omissions.  *See Foster v.*

---

[1] Plaintiff's assertion that California's Sherman Law incorporates the FDA labeling regulations by reference and does not impose different labeling requirements is irrelevant to the question of whether the specific claims asserted in Plaintiff's complaint seek to hold Kellogg liable under state law for using labeling statements that comply with FDA regulations.  *See* Opp'n at 17-22; *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 890 (C.D. Cal. 2013) ("As FDA regulations explicitly authorized Hansen to label the product as it did, any state law requiring Hansen to use additional or different labeling would not be identical to FDA regulations and would be preempted by the FDCA.").  Plaintiff's opposition does not address the preemptive effect of FDA regulations on the specific claims discussed in Kellogg's motion to dismiss (*i.e.*, its use of the phrase "naturally flavored" and its alleged failure to disclose supposedly "artificial" vanilla flavoring).

*City of Fresno*, 392 F. Supp. 2d 1140, 1147 n.7 (E.D. Cal. 2005) ("[F]ailure of a party to address a claim in an opposition to a motion . . . may constitute a waiver of that claim."); *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (similar).

Instead of addressing Kellogg's arguments, Plaintiff (1) reiterates his assertion that the vanilla flavoring in Bear Naked granola is not derived from the vanilla bean and (2) asserts — for the first time — that the vanilla bean vignette on the back of the package violates the FDA regulations because it does not appear alongside the "FDA and California-law-required clarification." Opp'n at 13. These arguments do not salvage his lawsuit.

## I.   Plaintiff Has Not Articulated a Plausible Basis for His Allegation That the Natural Flavor in Bear Naked Granola is Not Derived from the Vanilla Plant.

Plaintiff's lawsuit is premised on his theory that Kellogg's use of the term "natural flavor" in the Bear Naked granola ingredient list constitutes a "tacit acknowledgment" that the supposedly "required vanilla" ingredients — such as vanilla extract or vanilla flavoring — are not present in the product. But as Kellogg explained in its motion to dismiss, that theory is implausible and misinterprets the relevant regulations. *See* MTD at 7-10.

In his opposition, Plaintiff does not dispute that the FDA regulations permit manufacturers of "food to which [natural] flavor is added" — like Bear Naked granola — to "declare the flavor in the statement of ingredients . . . [as] 'natural flavor'" without identifying the specific source of the flavor. 21 C.F.R. § 101.22(h)(1)-(2). Nor does Plaintiff dispute that "natural flavor" — which includes any "oleoresin" or "extractive" of plant material used to impart flavor — encompasses the specific vanilla ingredients (such as "vanilla extract" or "vanilla flavoring") that Plaintiff speculates are absent from Bear Naked granola. *See* 21 C.F.R. § 101.22(a)(3) (defining "natural flavor"); *see also* MTD at 8 n.3. And Plaintiff does not dispute that his speculation about the source of the "natural flavor" in Bear Naked granola does not suffice to state a plausible claim that the flavoring is *not* derived from the vanilla plant. See MTD at 8-10; *see also, e.g.*, *Figy v. Frito-Lay N. Am. Inc.*, 67 F. Supp. 3d 1075, 1090 (N.D. Cal. 2014) (dismissing false advertising lawsuit where the plaintiff "provide[d] no detail whatsoever about how or why the offending

1    ingredients [were] unnatural"); *Tarzian v. Kraft Heinz Foods Co.*, No. 18-7148, 2019 WL

2    5064732, at *4 (N.D. Ill. Oct. 10, 2019) (holding allegations that it was more "economically

3    viable" to use artificial citric acid and that it was a "common industry practice" did not

4    plausibly establish that the challenged product *actually* used artificial citric acid).

5         Plaintiff fails to dispute any of the factual or legal bases underlying this argument;

6    indeed, he does not directly address this argument at all.  Rather, Plaintiff simply repeats

7    his allegation that the product's ingredient list "indicates" that the vanilla flavoring is

8    derived from a source other than vanilla beans.  Opp'n at 6.  But Plaintiff's unfounded

9    conjecture does not suffice to "nudg[e] his claim" of deception "across the line from

10   conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (citation omitted).

11        Plaintiff attempts to sidestep his pleading burden by arguing that Kellogg "concedes

12   that the Product contains flavoring ingredients other than real vanilla."  Opp'n at 11.  This

13   argument is specious.  All of Kellogg's supposed "concessions" appear in the section of the

14   motion to dismiss where Kellogg expressly "assum[ed] *for argument's sake* that Plaintiff

15   had plausibly alleged that the 'natural flavor' in Bear Naked granola is not derived

16   exclusively from vanilla beans."[2]  MTD at 16 (emphasis added).  Kellogg has not conceded

17   the presence of flavoring ingredients other than real vanilla flavor in Bear Naked granola;

18   to the contrary, Plaintiff's failure to plausibly allege the presence of such ingredients is the

19   primary basis of Kellogg's motion to dismiss.  *See* MTD at 7-10.

20        Plaintiff also argues that Kellogg's motion relies on "unsupported factual

21   contentions" regarding the source of the vanilla flavoring in the Bear Naked product.  Opp'n

22

23   _____

24   [2] Separately, Plaintiff's suggestion that Kellogg's references to natural flavor "derived from
     vanilla" or "derived from the vanilla plant" — versus "vanilla flavor" or "vanilla extract"
25   — somehow constitutes an admission that the flavor in Bear Naked granola does not meet
     the FDA's standards of identity for vanilla is not well taken.  *See* Opp'n at 12 n.1
26   (suggesting that flavoring "derived from vanilla" does not meet the FDA's standards of
     identity).  Plaintiff's complaint repeatedly alleges that the vanilla flavor in Bear Naked
27   granola is not "derived exclusively from the vanilla beans."  *See, e.g.*, Compl. ¶ 1.  Kellogg
     is simply responding to those allegations using the language Plaintiff chose to adopt.
28

at 22-23.  Again, this argument turns the pleading standard on its head.  In fact, Kellogg is merely identifying *Plaintiff's failure* to meet his burden of plausibly alleging that the natural flavor in Bear Naked granola is not derived exclusively from the vanilla plant.

## II.     Plaintiff Cannot Avoid Dismissal Based on Alleged Technical Violations of FDA Regulations—Which He Identified for the First Time in His Opposition Brief.

Instead of rebutting Kellogg's arguments that his lawsuit is preempted and that the labeling of Bear Naked granola is not likely to deceive a reasonable consumer, Plaintiff manufactures a brand-new theory of deception in his opposition brief.  He asserts — for the first time — that the labeling of Bear Naked granola violates 21 C.F.R. §§ 101.22(i)(1)(i) and 101.22(i)(3), which govern the disclosure of "natural flavors," because the vignette of a vanilla bean is not accompanied by the statement "naturally flavored."[3]

Under those regulations, if a product contains natural flavor derived from the characterizing ingredient (*i.e.*, vanilla and almonds), "the name of the characterizing flavor may be immediately preceded by the word 'natural' and shall be immediately followed by the word 'flavored," including "[w]herever the name of the characterizing flavor appears on the label (other than in the statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase."  21 C.F.R. § 101.22(i)(1)(i); *see also id.* § 101.22(i)(3).  Plaintiff contends that "Defendant's use of only the word 'Vanilla' on its package, with a pictorial 'vignette' of natural vanilla beans but without any of the FDA and California-law-required clarification [*i.e.,* the "naturally flavored" language], is patently deceptive."  Opp'n at 13.  According to Plaintiff, this alleged violation saves his complaint from dismissal.  Plaintiff is incorrect for the following three reasons:

<u>First</u>, Plaintiff cannot assert a new claim—or identify a new theory of liability — for the first time in his opposition brief.  "Raising a completely new theory of liability, with

---

[3] Plaintiff repeatedly references 21 C.F.R. § 101.22(i)(3)(iii) throughout his opposition brief and claims that it is the "governing section . . . that Defendant violated."  Opp'n at 12.  But that provision concerns products with "three or more distinguishable characterizing flavors" and is plainly inapplicable here.

only attenuated connection to the complaint, in a brief in opposition to a motion to dismiss does not grant Defendant fair notice of Plaintiffs' claim or the grounds upon which it rests." *Provencio v. Vazquez*, 258 F.R.D. 626, 639 (E.D. Cal. 2009). For this reason, many courts have granted motions to dismiss when the plaintiff asserted a "newly minted theory" in his opposition brief. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090 (N.D. Cal. 2006) (noting that this theory "is not evident in their complaint and as a result this court may not consider it"); *see also Gangitano v. Cabrillo Coll.*, No. 17-2870, 2017 WL 4168594, at *4 (N.D. Cal. Sept. 20, 2017) (granting motion to dismiss and noting that the court need not address a "new theory" raised in the opposition brief because the "complaint does not appear to be based on this theory").

<u>Second</u>, Plaintiff has not plausibly alleged that Bear Naked's use of the word "vanilla" in the vanilla bean vignette actually violates the applicable regulation. As a threshold matter, 21 C.F.R. § 101.22(i)(3) applies only to label claims that can be "easily seen under customary conditions of purchase." 21 C.F.R. § 101.22(i)(3). Plaintiff does not plausibly allege that the vanilla vignette meets this requirement, as it appears solely on the back of the product packaging. *See* Opp'n at 3 & RJN Ex. 1; *cf. Brown v. Starbucks Corp.*, No. 18-2286, 2019 WL 4183936, at *7 (S.D. Cal. Sept. 3, 2019) ("Starbucks does not dispute that, pursuant to [C.F.R. §§ 101.22(i)(2) & (i)(3)], it was required to disclose the presence of artificial flavors on the Gummies' *front packaging* . . . .") (emphasis added).

More fundamentally, however, the "overall labeling" of the product complies with the requirement that the name of the flavor ("vanilla") be accompanied by the term "naturally flavored."[4] *Viggiano*, 944 F. Supp. 2d at 891 (holding that lawsuit challenging

---

[4] Plaintiff argues that *Viggiano* is distinguishable because the challenged ingredients in that case — sucralose and acesulfame potassium — are sweeteners rather than flavorings. Opp'n at 21. But while the court held that the presence of these artificial sweeteners did not render the "All Natural Flavors" labeling deceptive, it also held that the labeling — including both the vignettes of fruit and the "All Natural Flavors" claim" — complied with 21 C.F.R. § 101.22(i) because the product contained "natural flavor" that was "derived from extracts of natural fruits." *Id.* at 889-92.

the use of fruit vignettes on soda cans was preempted when the can used the phrase "all natural flavors"). Both the front and back of each package of Bear Naked granola accurately reflect that the product is "naturally flavored" — including in close proximity to the vanilla vignette Plaintiff challenges. *See* Opp'n at 3 & RJN Ex. 1. That is sufficient to establish that the granola's labeling complies with 21 C.F.R. § 101.22(i) and that Plaintiff's claims are accordingly preempted. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) ("The preemption analysis turns on whether the challenged statements are authorized by the FDA's regulations or other pronouncements of similar legal effect."). And in any event, Plaintiff cannot state any claim premised on "unlawful" conduct — such as his claim under the UCL's "unlawful" prong or his CLRA claim — if the labeling of Bear Naked granola complies with the relevant regulations.

Third, even assuming for argument's sake that the vanilla flavoring in Bear Naked granola is not derived exclusively from vanilla beans — and that Plaintiff's claims are not preempted by federal law — Plaintiff has not plausibly alleged that Kellogg's failure to include the phrase "naturally flavored" in conjunction with the vanilla vignette is likely to mislead a reasonable consumer into believing that Bear Naked granola is flavored "exclusively" with "real vanilla from vanilla beans." Opp'n at 1.

Under California's UCL, FAL, and CLRA, "conduct is deemed deceptive or misleading if the conduct is likely to deceive a reasonable consumer."[5] *In re Sony Gaming Networks Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 989 (S.D. Cal. 2014). This standard "requires a *probability* that a *significant portion* of the general consuming

---

[5] Plaintiff asserts that Kellogg has "advanced no arguments" as to why Plaintiff's claims under the "unfair" prong of the UCL would fail. Opp'n at 9. That is false. As Kellogg explained in its motion to dismiss, Plaintiff's claims under all three prongs of the UCL, as well as his claims under the FAL and CLRA, require Plaintiff to establish "that the alleged . . . misrepresentations and omissions are 'likely to deceive' reasonable consumers." *Azoulai v. BMW of N. Am., LLC*, No. 16-589, 2017 WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017). If the labeling of Bear Naked Granola is not likely to deceive a reasonable consumer (and it is not), Plaintiff's claim under the "unfair" prong necessarily fails.

public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228-29 (9th Cir. 2019) (emphasis added) (citation and internal quotation marks omitted). And while Plaintiff suggests that courts cannot determine at the pleading stage whether advertising is likely to deceive a reasonable consumer, courts routinely dismiss false advertising lawsuits where the plaintiff fails to state a plausible claim of deception.[6]

As a cursory review of the labeling makes clear, Bear Naked granola does not expressly claim to derive its vanilla flavor exclusively from vanilla beans. *See* RJN Ex. 1; Opp'n at 3. And no reasonable consumer would automatically conclude from the Bear Naked label — including the stylized phrase "V'Nilla Almond" or the image of a vanilla bean — that the vanilla flavoring is derived *solely* from real vanilla beans. *See* MTD at 18-20. Plaintiff's opposition brief does not engage with any of these arguments.

Instead of explaining how the labeling suggests that Bear Naked granola derives its vanilla flavor "exclusively" from vanilla beans, Plaintiff argues in conclusory fashion that the labels are misleading simply because they violate the FDA regulations. *See* Opp'n at 15 ("Plaintiff plausibly alleges that the labels for the Products are misleading to a reasonable consumer because they show a pictorial representation of real vanilla beans and the caption, 'Vanilla,' and this label statement is both misleading and unlawful because it is prohibited by federal and California law."). But courts have rejected Plaintiff's argument that a technical violation of an FDA food labeling regulation is sufficient to establish that the labeling is likely to deceive a reasonable consumer. *See Victor v. R.C. Bigelow, Inc.*, No. 13-2976, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014) ("[The plaintiff] still fails to plead with particularity how precisely a reasonable consumer would be misled by the term

---

[6] *See, e.g.*, *Becerra*, 945 F.3d at 1229-30 (dismissing lawsuit alleging that Diet Dr. Pepper falsely suggested it would help consumers lose weight and emphasizing that "we have previously affirmed dismissal of claims based on similar unreasonable assumptions"); *Workman v. Plum, Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (noting that "numerous decisions . . . have dismissed similar food labeling claims at the pleading stage")

'delivers healthful antioxidants' or what exactly is misleading about it aside from the fact that it may technically violate FDA regulations.  A statement may technically violate some law and yet a reasonable consumer may have no dashed expectation about it.").

In other words, while Plaintiff's complaint seeks to "capitalize on [a] . . . somewhat arcane violation of FDA food labeling regulations," "not every regulatory violation amounts to an act of consumer fraud."  *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 705 n.7 (D.N.J. 2011).  Thus, even if Plaintiff were correct that the labeling of Bear Naked granola runs afoul of the FDA regulations (which he is not), that alone is not sufficient to establish that any aspect of the labeling is likely to deceive a reasonable consumer.

Indeed, Plaintiff's attempt to transform this alleged technical violation of the FDA regulations into a claim of deception is particularly implausible here, as Plaintiff concedes that the disclosure allegedly omitted from the vanilla bean vignette — "naturally flavored" — appears multiple times on the front and back of the product packaging, including in close proximity to the offending vignette.  *See* Opp'n at 3 & RJN Ex. 1.  In fact, Plaintiff *expressly alleges* that he relied on Kellogg's "naturally flavored" disclosure in purchasing the Bear Naked granola product.[7]  Compl. ¶ 32.  Plaintiff cannot turn around and plausibly allege that Kellogg's failure to use that *same exact term* on an adjacent portion of the packaging misled him in any respect.  *Cf. Shaeffer v. Califia Farms*, *LLC*, 44 Cal. App. 5th 1125, 1143-44 (2020) (holding that omission of FDA-required disclaimer that tangerine juice was not a "low calorie" or "calorie reduced" food was not sufficient to state a claim under the UCL absent allegations that this omission affected the plaintiff's purchase decision).

## CONCLUSION

This Court should dismiss Plaintiff's Class Action Complaint with prejudice

---

[7] In addition to appearing on the back of the package near the vanilla bean vignette, Plaintiff admits that "the words 'naturally flavored'" appear "on the front of the package."  Compl. ¶ 32.  As explained earlier, Plaintiff does not dispute that this "naturally flavored" statement complies with the FDA regulations.  And if Plaintiff is correct that consumers saw and relied on this front-of-package statement, he cannot plausibly allege that the back of the label misled him into believing that the granola was exclusively flavored with "real vanilla."

DATED:  April 27, 2020                    JENNER & BLOCK LLP

                                          By:   s/  Kate T. Spelman
                                                _____
                                                Attorney for Kellogg Sales Company
                                                E-mail: kspelman@jenner.com

REPLY IN SUPPORT OF KELLOGG'S MOTION TO DISMISS CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-268-BEN-MSB