UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLAN ZABACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Case No.: 3:20-cv-00268-BEN-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING GRANTING MOTION TO DISMISS; and**<br><br>**(2) GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF Nos. 7 and 8]** |

Plaintiff Harlan Zaback ("Plaintiff") alleges Defendant Kellogg Sales Company's ("Defendant") Bear Naked Granola V'nilla Almond is falsely and misleadingly labeled and advertised as being flavored "with vanilla flavoring derived exclusively from vanilla beans when the ingredient list reveals otherwise." (Comp., ECF No. 1-2, ¶ 1.) Now before the Court are two motions: (1) Defendant's Motion to Dismiss Plaintiff's Class Action Complaint (ECF No. 7) and (2) Defendant's Request for Judicial Notice (ECF No. 8). The Request for Judicial Notice includes photographs of the front and back of the Bear Naked Granola V'nilla Almond packaging at issue as well as the transcript of a

court hearing and court order from a case in the Northern District of California. In its Motion to Dismiss, Defendant argues Plaintiff has failed to plausibly allege the vanilla flavor in Bear Naked Granola is not in fact derived exclusively from vanilla beans.

For the reasons discussed below, the Court **GRANTS** the Request for Judicial Notice and **GRANTS** the motion to dismiss without prejudice.

## I.    FACTUAL BACKGROUND[1]

Defendant markets and sells Bear Naked Granola V'nilla Almond (the "Product" or "Bear Naked Granola") to consumers. (Compl. ¶ 2). The Product uses the word "V'nilla" in its name. (*Id.* ¶ 32). The Product also uses the words "naturally flavored" on the front of the package immediately below the words "V'nilla Almond." (*Id.*). The back packaging depicts a vignette of a vanilla plant with only the word "Vanilla" below the vignette. (*Id.*). The back packaging also lists the following ingredients: "[w]hole grain oats, brown rice syrup, almonds, dried cane syrup, oat bran, brown rice, natural flavors, ground flax seeds."[2] (*Id.*).

Today, vanilla is one of the most expensive flavoring ingredients in the world. (*Id.* ¶ 16). Vanilla's cost is incentive for food producers to use lower cost substitutes. (*Id.* ¶ 17).

Plaintiff claims he saw and relied on these illustrations and representations to believe he was purchasing granola with "vanilla flavoring derived exclusively from vanilla beans" and that he "would not have purchased [the Product] or would have paid significantly less for it had he known that it was not flavored with vanilla flavoring

---

[1] The Court here is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendant's Motion to Dismiss.

[2] Plaintiff also alleges additional words used on Bear Naked's website, but as discussed by Defendant does not allege that Plaintiff ever actually visited the website or relied on statements published there. (Mem. Supp. Def.'s Mot. to Dismiss, ECF No. 7-1 at 24, n.6.)

derived exclusively from vanilla beans." (*Id*. ¶¶ 11, 12). Accordingly, Plaintiff claims he was injured as a result of the alleged deceptive representations by spending money on a product that was worth less than what Plaintiff paid for it. (*Id*. ¶ 46)

Plaintiff's Complaint does not allege what might be in the product. Instead, Plaintiff states Defendant's "listing of 'natural flavors' as opposed to vanilla flavor or vanilla extract is tacit acknowledgment that the 'natural flavors' is not a synonym for the required vanilla ingredients." (*Id*. ¶ 36). Plaintiff alleges "it would make no sense to use a more expensive and higher quality ingredient (vanilla extract or vanilla flavor) but designate it with a general term that could be perceived by some customers to cost less money and appearing on most foods in existence ('natural flavors')." (*Id*. ¶ 37). Because it would make economic sense to include the vanilla ingredient and Defendant has not done so, Plaintiff concludes the "vanilla flavoring" is not "derived exclusively from vanilla beans." (*Id*. ¶¶ 36-39). In other words, the omission is the admission.

Plaintiff brings his Complaint alleging violations of California's Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and claims under quasi-contract, unjust enrichment, and restitution theories of liability. He also seeks to represent a class of similarly situated persons who have also purchased the Product and been misled by its labeling. (*Id*. ¶¶ 4-5, 49).

## II.  Request for Judicial Notice

Defendant asks the Court to take judicial notice of two photographs depicting the front and back of the Product at issue in the case, as well as a hearing transcript and order in *Osborne v. Kraft Foods Group, Inc.*, Case No. 15-2653 (N.D. Cal. 2015). (Request for Judicial Notice, ECF No. 8). Plaintiff does not object to Defendant's Request for Judicial Notice.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A

court may take judicial notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Here, Plaintiff's case theory depends on the labels on the Product, to which he refers extensively in his Complaint.  Defendant likewise relies on the hearing transcript and order in arguing in favor of its Motion to Dismiss.  Accordingly, the Court **GRANTS** the Request for Judicial Notice.

### III. DEFENDANT'S MOTION TO DISMISS

#### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff."  *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

#### B. Analysis

Defendant filed the instant Motion to Dismiss alleging (1) Plaintiff failed to plausibly allege the "natural flavor" in the Product is not actually derived from vanilla beans, (2) Plaintiff's claims are preempted by federal law, and (3) Plaintiff has not plausibly alleged the Product label is likely to decive a reasonable consumer.

Plaintiff's Complaint makes only two factual allegations that the Product is not "flavored with vanilla flavoring derived exclusively from vanilla beans."  (Comp. ¶ 32).

First, that "a close inspection of the ingredient list" reveals the Product is flavored with "natural flavors." (*Id*. ¶¶ 31-33). Second, Plaintiff alleges that if the Product was actually made with "vanilla flavoring derived exclusively from vanilla beans," Defendant would not have used the term "natural flavors" but would have instead listed a "more expensive and higher quality ingredient (vanilla extract or vanilla flavor)" on the ingredient list. (*Id*. ¶ 37). Plaintiff provides no other factual basis for the contention that the product is mislabeled.

Defendant responds that Plaintiff is merely speculating and misstates the law with respect to the listing of "natural flavors" on an ingredients list. (Mem. Supp. Def.'s Mot. to Dismiss, ECF No. 7-1 at 7). The Court agrees. Plaintiff alleged the Product does not contain "vanilla flavoring derived exclusively from vanilla beans" but provides no factual basis for this argument other than the lack of vanilla's inclusion on the ingredients list. Accordingly, Plaintiff has not alleged sufficient facts to "nudge [his] claims…across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.[3]

With respect to preemption, Food and Drug Administration (FDA) regulations require "[t]he label of a food to which flavor is added shall declare the flavor in the statement of ingredients in the following way: (1) spice, natural flavor, and artificial flavor, may be declared as "spice," "natural flavor", or "artificial flavor," or any combination thereof, as the case may be." 21 C.F.R. § 101.22(a)(3). "Natural flavors include the natural essence or extractives obtained from plants listed in § 182.10 (including vanilla)" where the "significant function in food is flavoring rather than

---

[3] *See also Figy v. Frito-Lay North America, Inc.*, 67 F. Supp. 3d. 1075, 1090 (dismissing complaint where Plaintiff "provide[d] no detail whatsoever about how or when the offending ingredients [were] unnatural") *and Tarzian v. Kraft Heinz Foods Co.*, No. 18-7148, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 10, 2019) (requiring plaintiff to link a common industry practice with an economic basis to a practice actually used by defendant).

nutritional." *Id*. Plaintiff's Complaint, as pleaded, does not allege a violation of these regulations and thus fails to state a claim pursuant to the underlying California causes of action. Other courts have reached the same conclusion in similar cases.[4]

One final point warrants attention. In his opposition, Plaintiff extensively argues that the use of a vanilla plant vignette on the back of the Product's packaging without the accompanying words "natural" and "flavored" immediately before and after the word "vanilla" constitutes a violation of 21 C.F.R. §§ 101.22(i)(1)(i) and 101.22(i)(3). (Opp. to Def's Mot. to Dismiss, ECF No. 11 at 16). Defendants argue that Plaintiff impermissibly asserts a new claim or theory of liability for the first time in his opposition brief. Def.'s Reply, ECF No. 12 at 10. Because the Court grants Defendant's Motion to Dismiss with leave to amend, it need not decide that issue now.

## CONCLUSION

Defendant's Request for Judicial Notice (ECF No. 7) is **GRANTED**. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED without prejudice**. Plaintiff may file an amended complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: June 22, 2020

Hon. Roger T. Benitez
United States District Judge

---

[4] *See e.g., Lam v. General Mills, Inc.*, 859 F. Supp. 2d. 1097, 1103 (N.D. Cal. 2012) ("So long as that product contains natural flavor which is derived from the characterizing food ingredient, it will not run afoul of the regulation"), *Viggiano v. Hansen Natural Food Corp.*, 944 F. Supp. 2d. 877, 888 (C.D. Cal. 2013) ("a manufacturer can use a 'natural flavor' label on a product…so long as the 'characterizing flavor' is natural") *and Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011) ("the food may be labeled 'natural flavored' when some flavor is 'derived from' the fruit identified as the characterizing flavor, even though 'the good contains no such ingredient'").