UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLAN ZABACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Case No.: 3:20-cv-00268-BEN-MSB<br><br>**ORDER DENYING REQUEST TO FILE DOCUMENTS UNDER SEAL;**<br><br>[ECF No. 3] |

Before the Court is Defendant's Motion to File Documents Under Seal.  Pursuant to Federal Rule of Civil Procedure 26(c), Defendant requests the Court seal the precise retail sales of the product at issue in this action.  (Mot. to File Docs. Under Seal, ECF No. 3).  The Court finds the pleadings sufficiently establish the Court's subject matter jurisdiction over this case.  Moreover, Defendant's justifications for sealing the Declaration are inadequate.  For the reasons set forth below, the Motion to File Under Seal is **DENIED**.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) *quoting Nixon v. Warner*

*Communs., Inc.*, 435 U.S. 589, 597 & n. 7 (1978).  There is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003); *see also Kamakana*, 447 F.3d at 1178–79.  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (citations and quotation marks omitted).  This presumption can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir.1990) *quoting Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

  The Court has reviewed Defendant's Motion to Seal and does not find the compelling reasons to justify sealing the Declaration concerned are present.  While the Declaration contains a single sales figure, it does not contain other "confidential business materials…marketing strategies…product development plans, unused prototypes, [or] detailed testimony regarding the same" that would help Defendant override the strong presumption in favor of access to court records.  *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012).

  Accordingly, Defendant's motion is **DENIED**.  The Clerk shall file the unredacted version of the Declaration contained in ECF No. 1, Exhibit 3, lodged at Doc. No. 4, in the public record.  Defendant has five days to withdraw the unredacted version of the Declaration or it shall be filed in the public record in accordance with this Order.

  **IT IS SO ORDERED.**

DATED: July 22, 2020

  Hon. Roger T. Benitez
  United States District Court