1
2
3
4
5

DEVON K. ROEPCKE (SBN 265708)
**LAW OFFICES OF DEVON K. ROEPKE**
170 Laurel Street
San Diego, California 92101
Telephone: (619) 940-5357
Facsimile: (619) 354-4157
droepke@lawdkr.com

6
7
8
9
10
11

ERIC A. LAGUARDIA (SBN 272791)
**LAGUARDIA LAW, APC**
402 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 655-4322
Fax: (619) 655-4344
eal@laguardialaw.com

*Attorneys for Plaintiff*

12
13
14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

15
16

HARLAN ZABACK, individually and on behalf of all others similarly situated,

17
18

                    Plaintiff,

19
20

     vs.

21
22
23

KELLOGG SALES COMPANY and DOES 1 through 10, inclusive,

24

                    Defendants.

25
26
27
28

Case No. 3:20-cv-268-BEN-MSB

The Honorable Roger T. Benitez

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Hearing Date: September 8, 2020

Hearing Time: 10:30 a.m.

Courtroom:  5A

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

# <u>TABLE OF CONTENTS</u>

INTRODUCTION...................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..............................................2

LEGAL STANDARD.............................................................................5

ARGUMENT....................................................................................5

   A.    Defendants are Bound by their Judicial Admission that the Vanilla Flavor in the Product is Derived from a Source other than Vanilla Beans...................................................................................5

   B.    Defendant Concedes that The Vignette of Vanilla Beans with Only the Word Vanilla Violates 21 C.F.R. § 101.22(i)…………………...…...10

   C.    Plaintiff's Allegations in the Complaint are Not Inconsistent With the FAC But Even if They Were, it Would be Entirely Proper……......13

   D.    Defendant's Challenge to Zaback's Restitution Claim is Improper……...15

CONCLUSION...................................................................................19

-i-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*American Title Ins. Co. v. Lacelaw Corp.*,
    861 F.2d 224 (9th Cir. 1988)..................................................................8, 14

*Arevalo v. Bank of Am. Corp.*,
    850 F. Supp. 2d 1008 (N.D. Cal. 2011) ........................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .........................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................5

*Bergerson v. New York State Office of Mental Health*,
    652 F.3d 277, 289 (2d Cir. 2011)....................................................................8

*Brown v. Starbucks Corporation*,
    2019 WL 4183936, (S.D. Cal. Sept. 3, 2019) ..............................................12

*Butler v. Deutsche Bank Trust Co. Americas*,
    748 F.3d 28 (1st Cir. 2014) ..............................................................................9

*California Federal Bank v. Matreyek*,
    8 Cal.App.4th 125, 131 (1992)......................................................................17

*City Nat'l Bank v. United States*,
    907 F.2d 536, 544 (5th Cir. 1990)..................................................................9

*Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*,
    165 F.3d 221, 235 (3rd Cir.1998)....................................................................9

*Doss v. South Cent. Bell Telephone Co.*,
    834 F.2d 421 (1987) .......................................................................................15

*EF Operating Corp. v. American Bldgs.*,
    993 F.2d 1046, 1050 (3d Cir. 1993)................................................................8

-ii-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003).......................................................19

*Gospel Missions of America v. City of Los Angeles*,
    328 F.3d 548 (9th Cir. 2003)...........................................................8

*Harrington v. City of Nashua,*
    610 F.3d 24 (2010)...........................................................................9

*Holman v. Kemna,*
    212 F.3d 413 (8th Cir. 2000)...........................................................9

*In re 100% Grated Parmesan Cheese Marketing & Sales Practices Litigation*,
    348 F. Supp. 3d 797 (N.D. Ill. 2018) ............................................13

*In re Sunrise Securities Litigation*,
    793 F.Supp. 1306 (1992)................................................................15

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009)...................................................................16

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002)...................................................................16

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005).........................................................5

*Kohler v. Inter-Tel Technologies*,
    244 F.3d 1167 (2001) .....................................................6, 7, 8, 10

*Lam v. General Mills, Inc.*,
    859 F.Supp.2d 1097 (2012)............................................................12

*McBride v. Boughton,*
    123 Cal.App.4th 379 (2004)...........................................................17

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017).....................................................................16

-iii-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

*New Amsterdam Casualty Co. v. Waller*,
    323 F.2d 20 (4th Cir.1963)............................................................................9, 10

*Owens v. Housing Authority of City of Stamford, D.C.Conn.*,
    394 F.Supp. 1267 (1975)...........................................................................15

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
    514 F.3d 856 (9th Cir. 2007).....................................................................14

*Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*,
    607 F.2d 885 (10th Cir.1979).......................................................................9

*Postscript Enter. v. City of Bridgeton*,
    905 F.2d 223 (8th Cir. 1990)........................................................................9

*Purgess v. Sharrock*,
    33 F.3d 134 (2d Cir.1994)............................................................................8

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ....................................................................................5

*Sonner v. Premier Nutrition Corp.*,
    962 F.3d 1072 (9th Cir. 2020)..............................................................17, 18

*United States v. Burns*,
    109 F.Appx. 52 (6th Cir. 2004)....................................................................9

*United States v. Fruehauf*,
    365 U.S. 146 (1961) ....................................................................................9

*Versarge v. Township of Clinton N.J.*,
    984 F.2d 1359 (3d Cir. 1993).......................................................................9

*Viggiano v. Hansen Natural Corp.*,
    944 F.Supp.2d 877 (2013).........................................................................11

*Williams v. Gerber Prod. Co.*,
    *552 F.3d 934 (9th Cir. 2008)* ....................................................................5

-iv-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

**Statutes**

28 U.S.C. § 1332(d)................................................................................2

Cal. Bus. & Prof. Code § 17200 ...........................................................15

Cal. Bus. & Prof. Code § 17203 ...........................................................16

Cal. Bus. & Prof. Code §§ 17200, *et seq.*............................................3

Cal. Bus. & Prof. Code §§ 17500, *et seq.*...............................3, 16, 17

Cal. Civ. Code § 1760............................................................................16

Cal. Civ. Code § 1780............................................................................16

Cal. Civ. Code §§ 1750, *et seq.* ..................................................3, 17

Cal Evid. C. § 1220..................................................................................6

Cal. Health & Safety Code § 109875 ....................................................8

Cal. Health & Safety Code § 110100 ....................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................1, 2, 5

**Treatises**

1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 1013 .....................17

Restatement (First) of Restitution § 1 (1937)..........................................17

**Regulations**

21 C.F.R § 101.22.............................................................................*passim*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

Plaintiff Harlan Zaback ("Plaintiff" or "Zaback"), on behalf of himself and all others similarly situated, respectfully submits this Memorandum of Points and Authorities in Opposition to the Motion to Dismiss First Amended Class Action Complaint filed by Defendant Kellogg Sales Company ("Defendant") on July 20, 2020. Dkt. No. 16. Plaintiff's First Amended Class Action Complaint ("FAC") adequately pleads his claims, thus Defendant's Motion fails to meet the legal standard for a motion under Fed. R. Civ. P. 12(b)(6). Dkt. No. 15. As such, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

## **INTRODUCTION**

In his FAC, Plaintiff alleges that Defendant's "Bear Naked V'Nilla Almond" granola (the "Product") is labeled as if it were flavored exclusively with real vanilla when it is not. (*See generally* First Amended Complaint ("FAC"), Dkt. No. 15). Plaintiff alleges that Defendant's packaging violates federal food labeling regulations and is both unlawful and deceptive under California law because the Product label is intended to and does give a reasonable consumer the clear impression that it is flavored exclusively with real vanilla from vanilla beans – a premium ingredient consistent with the Product's premium price – when it is not. FAC, ¶¶ 35-40.

Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's FAC under Fed. R. Civ. P. 12(b)(6), ("P&A-2") (Dkt. No. 16-1) misstates the meaning of the federal regulations it cites and still concedes that the Product's label violates federal and California law.

Since FDA regulations require Defendant to include the words "flavored" or "naturally flavored" wherever the word vanilla appears on the Product's package, and the word vanilla appears on the back of the package under a vignette of vanilla beans without these words, and Defendant concedes that the Product does not

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

contain sufficient real vanilla to provide the Product's characterizing vanilla flavor, Defendant's present motion fails. For the reasons set forth below, Defendant's motion to dismiss should be denied in its entirety.

### FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed in the Superior Court of the State of California for the County of San Diego on December 20, 2020. *See generally* Compl., Dkt. No. 1-2. On February 13, 2020, Defendant filed a Notice of Removal to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. No. 1.

On February 20, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Dkt. No. 7. In its Memorandum of Points and Authorities in Support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) ("P&A-1") (Dkt. No. 7-1) Defendant acknowledges that the product is a vanilla-flavored food containing vanilla flavor derived from vanilla beans and vanilla flavor derived from another natural source. P&A-1 at 12:8-11. For this reason "FDA regulations *require* Kellogg to label Bear Naked granola as vanilla 'flavored' or 'naturally flavored' . . . ." P&A-1 at 11:27-28 (emphasis in the original).

On April 20, 2020, Plaintiff filed an opposition to Defendant's motion to dismiss. Dkt. No. 12. The Court vacated the scheduled hearing date, and took the matter under submission. Dkt. No. 13.

On June 22, 2020, the Court granted Defendants motion, with leave to amend. Dkt. No. 14. The Court in its June 22 Order specifically did not address Defendants use of a vanilla plant vignette on the back of the Product's packaging without the accompanying words "natural" and "flavored" immediately before and after the word "vanilla."

-2-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

On July 6, 2020, Plaintiff filed his FAC. Dkt. No. 15. Plaintiff alleges that he purchased the Product and in doing so both saw and relied upon the representations on the packaging, which included a vignette of vanilla beans with only the word "Vanilla" below it on the back of package. Based on these representations, believed he was purchasing granola flavored exclusively with real vanilla derived from vanilla beans. FAC ¶ 8.

Plaintiff would not have purchased the Product or would have paid significantly less for it had he known that it was not flavored with real vanilla derived exclusively from vanilla beans. FAC ¶ 9. Therefore, Plaintiff suffered injury in fact and lost money as a result of Defendant's unlawful and misleading practices, as described herein. FAC ¶ 4. Although he was misled by the Product packaging previously, Plaintiff would again purchase the Product in the future if, consistent with the packaging, it is flavored exclusively with real vanilla from vanilla beans. FAC ¶ 9.

Plaintiff brings causes of action for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and for Quasi Contract (Unjust Enrichment.) *See generally* FAC. Plaintiff alleges that a pictorial representation (or "vignette") of real vanilla beans displayed is prominently on the package with the word "Vanilla", displayed prominently below the vignette without any clarification. FAC ¶ 27.

Plaintiff alleges that the Product violates FDA food-labeling regulations codified at 21 C.F.R § 101.22, incorporated verbatim by reference into California's Sherman Law, *see* Cal. Health & Safety Code § 110100(a).

FDA regulations and California law provide that "[i]f the label, labeling, or advertising of a food makes any direct or indirect representations with respect to

-3-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, . . . such flavor shall be considered the characterizing flavor[.]" 21 C.F.R. 101.22(i).

Plaintiff alleges that because the Product label displays a clear image of a vanilla bean accompanied only by the word, "Vanilla," Plaintiff and any reasonable consumer had the right to conclude that the Product was flavored exclusively with actual vanilla from vanilla beans. FAC. ¶ 27.

Under FDA regulations, "[w]herever the name of the characterizing flavor appears on the label (other than in the statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase, the words prescribed by this paragraph [naturally flavored, artificially flavored, etc.] shall immediately and conspicuously precede or follow such name, without any intervening written, printed, or graphic matter, [*inapplicable exceptions*]." (emphasis added) 21 C.F.R. 101.22(i)(3). By Defendant's own admission the "FDA regulations [C.F.R. § 101.22(i)(1)(iii)] *require* Kellogg to label Bear Naked granola as vanilla 'flavored' or 'naturally flavored' . . . ." because it contains vanilla flavor derived from another source. P&A-1 at 11:27-12:11.Thus, the Product's label may not state the word "vanilla" without the word "flavored" before or after it because it contains other flavor "which simulates, resembles or reinforces the characterizing [vanilla] flavor". 21 C.F.R. 101.22(i)(1)(i)-(iii).

Thus, Plaintiff seeks to represent a class provisionally defined as: All persons, who are California residents who purchased "Bear Naked Granola Fit V'nilla Almond," or who purchased "Bear Naked Granola Fit V'nilla Almond" within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods. FAC ¶ 43.

On July 20, 2020, Defendant filed a motion to dismiss Plaintiff's FAC under Fed. R. Civ. P. 12(b)(6).  Dkt. No. 16.

-4-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

## LEGAL STANDARDS

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court "accepts allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); Fed. R. Civ. P. 12(b)(6). Thus, to survive a motion to dismiss, a plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" or that recovery is "remote" or "unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

## ARGUMENT

A. **Defendants are Bound by their Judicial Admission that Vanilla Flavor in the Product is Derived from a Source other than Vanilla Beans.**

Defendant's prior statement in its filed brief - that FDA regulations *require* Kellogg to label the Product as vanilla "flavored" or "naturally flavored" (P&A-1 at 11:25-12:11) (emphasis in Defendant's original brief) - is not a "mischaracterization" as Defendant claims, nor is it a "snippet," it is competent admissible evidence supporting Plaintiff's allegation that the Product violates California law.

The statement is admissible evidence in this action as a documented admission by a party opponent and may be considered by the Court a judicial admission in the action as well (see below.) Cal Evid. C. § 1220; *Kohler, infra.*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

It is certainly not a "snippet" as Defendant claims. P&A-2 at 8:7-10. Defendant argues over two-and-a-quarter pages of its brief opposing the prior Complaint exactly how and why this specific regulatory requirement directly applies to the Product.  P&A-1 at 11:23-14:05. Defendant quoted verbatim the section of the regulations that Plaintiff and Defendant agree applies to the Product, bolding text to call it to the Court's attention:

> If the food is one that is commonly expected to contain a
> characterizing food ingredient, e.g., strawberries in "strawberry
> shortcake", and the food contains natural flavor derived from such
> ingredient and an amount of characterizing ingredient insufficient to
> independently characterize the food, or the food contains no such
> ingredient, ***the name of the characterizing flavor may be immediately***
> ***preceded by the word "natural" and shall be immediately followed***
> ***by the word "flavored"*** . . . e.g., "natural strawberry flavored
> shortcake," or "strawberry flavored shortcake".

21 C.F.R. Section 101.22(i)(1)(i) (bold, italic, and underlined emphasis all in Defendant's original brief). P&A-1 at 12:5-6.

Defendant states here categorically, emphatically, and unambiguously that the regulation *requires* Defendant to label the Product this way. Defendant repeats the same assertion just as unambiguously a second time at the close of its two-page analysis ("[Kellogg is] using a labeling claim that the FDA specifically requires.") P&A-2 at 14:2-5.

This statutory requirement applies to this Product <u>only</u> if the Product meets the regulation's condition precedent, which Defendant also quotes though without the emphasis. The qualifying clause in the regulation Defendant quotes confirms that the Product is in violation: "[If] the food contains . . . an amount of

-6-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient. . . ." 21 C.F.R. § 101.22(i)(1)(i).

Defendant states unequivocally and without qualification that this regulation applies to their Product. P&A-1 at 11, 14. Defendant confirms that the Product contains either no real vanilla or does not contain enough real vanilla to independently characterize the advertised flavor. *Id*. With reference to the vanilla-pod vignette and its adjacent declaration, "Vanilla," Defendant's admission is competent evidence that the Product violates the FDCA and the corresponding Sherman Law. Cal. Evid. Code Sec. 1220. A party's statement in a filed brief is evidence that may be used as against that party to prove or contest an allegation or defense. *Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1180 at fn. 9 (2001)

This is no "mischaracterization" as Defendant claims. P&A-2 at 10:27-11:3. Defendant states unequivocally that they are required to label the Product in just this way, because it contains either no natural vanilla or an amount of this ingredient insufficient to independently characterize the flavor. *Id*.

That renders the Product's labeling unlawful under California law as well as misleading. For Defendant to display the vignette of real vanilla it chose to place on the product package, an unmistakable rendering of a vanilla pod, accompanied by the word, "Vanilla," violates California consumer protection law. (FAC; P&A-1.)

Whether the Product contains no real vanilla, or not enough real vanilla to independently characterize the flavor, is not of import here because in either case the Product would still violate FDA regulations and California consumer protection laws. 21 C.F.R. 101.22(i)(1)(i); Cal. Health & Safety Code § 109875 *et seq.* ("Sherman Law").

Defendant's admission here is both competent record evidence and a judicial admission. A judicial admission is a party's or attorney's declarative statement in a

-7-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

1  pleading or filed brief that can be taken as conclusive in that proceeding as against
2  the party who makes it. *Gospel Missions of America v. City of Los Angeles*, 328
3  F.3d 548, 557 (9th Cir. 2003).

4       The Ninth Circuit Court of Appeals, and sister trial and appellate courts in
5  multiple circuits, hold that a clear and unequivocal statement made in a filed brief
6  or formal judicial proceeding qualifies as a judicial admission. *See, e.g., Kohler v.
7  Inter-Tel Tech*., 244 F.3d 1167, 1180 at fn. 9   (9th Cir. 2001) (trial court has
8  discretion to hold an unequivocal statement in party's brief a judicial admission);
9  accord *American Title Ins. Co. v. Lacelaw Corp*., 861 F.2d 224, 226-227 (9th Cir.
10 1988); *Gospel Missions*, *supra*, at 557 (9th Cir. 2003) (party's statement in filed
11 brief was a judicial admission).

12      Other circuits are in accord. *See, e.g., Purgess v. Sharrock*, 33 F.3d 134, 144
13 (2d Cir.1994) (proper for statements in filed briefs to be held as binding judicial
14 admissions); *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277,
15 289 (2d Cir. 2011) (same); *EF Operating Corp. v. American Bldgs*., 993 F.2d
16 1046, 1050 (3d Cir. 1993) (representations made during the course of litigation,
17 whether oral or written, are binding), *cert. denied*, 510 U.S. 868 (1993); *Conte
18 Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc*., 165 F.3d 221, 235 (3rd
19 Cir.1998) (affirming district court's holding that statements of fact and law made
20 in party's brief were judicial admissions) *but see, Versarge v. Township of Clinton
21 N.J*., 984 F.2d 1359, 1370 (3d Cir. 1993); *New Amsterdam Casualty Co. v. Waller*,
22 323 F.2d 20, 24 (4th Cir.1963), *cert. denied*, 376 U.S. 963 (1964) (a party's
23 statement will not be considered judicial admission only if the statement is clearly
24 untrue and the party was laboring under a mistake when they made it); *City Nat'l
25 Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (appropriate to treat
26 statements in briefs as binding judicial admissions); *United States v. Burns*, 109
27 F.Appx. 52, 58 (6th Cir. 2004) (a deliberate statement by party or attorney is
28

-8-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

properly a judicial admission); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir.1980) (representation in brief properly held a judicial admission even though the filing was "neither a pleading nor an affidavit."); *Holman v. Kemna*, 212 F.3d 413 (8th Cir. 2000) (statements made by party in briefs are judicial admissions), *accord Postscript Enter. v. City of Bridgeton*, 905 F.2d 223, 227-28 (8th Cir. 1990); *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc*., 607 F.2d 885, 906 (10th Cir.1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980) (statements in briefs may be held to be admissions); *and cf, Butler v. Deutsche Bank Trust Co. Americas,* 748 F.3d 28 (1st Cir. 2014) ("to be binding, a judicial admission must be clear."), *citing Harrington v. City of Nashua,* 610 F.3d 24, 31 (2010); *United States v. Fruehauf*, 365 U.S. 146 (1961) (district court considered statement in litigant's brief to be a judicial admission).

Defendant's unambiguous statement that the regulation in 21 C.F.R. 101.22 (i)(1)(i) applies to the Product and requires the Product to be labeled as "flavored" - because the Product does not contain enough natural vanilla to sufficiently provide the Product's characterizing vanilla flavor - is considered a judicial admission under 9th Circuit authority, see above, as well as at a minimum competent evidence supporting the allegations in Plaintiff's Second Amended Complaint.

Defendant may not now attempt to escape the admission on the basis that it was "inadvertent" or a mistake. *New Amsterdam, supra*, 323 F.2d at 24, *cert. denied*, 376 U.S. 963. Defendant already had the opportunity to withdraw or correct its admission or to assert that it was made in error in its Motion to Dismiss the FAC but declined to do so. P&A-2 at12-14. Defendant neither withdrew the statement nor described it as a mistake but instead chose to stand by the statement, only arguing that Plaintiff's argument was based on a "snippet" of Defendant's

-9-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

brief that Plaintiff "mischaracterized." P&A-2 at 8:7-10, 10:27-11:3. Defendant's statement in its filed brief, P&A-1 at 11:27-12:11, that Defendant was required to label the Product as "naturally flavored" because it did not contain enough natural vanilla to sufficiently characterize the Product's advertised flavor, was therefore at a minimum a party admission and may be held a judicial admission as well. *See Kohler v. Inter-Tel, supra.*

B.  **Defendant Concedes that The Vignette of Vanilla Beans with Only the Word Vanilla Violates 21 C.F.R. § 101.22(i).**

As discussed above, Defendant acknowledges that "FDA regulations [C.F.R. § 101.22(i)(1)(iii)] *require* Kellogg to label Bear Naked granola as vanilla 'flavored' or 'naturally flavored' . . . ." P&A-1 at 11:27-12:11 (emphasis in the original). C.F.R. 101.22(i)(3) requires that "[w]herever the name of the characterizing flavor appears on the label (other than in the statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase, the words prescribed by this paragraph shall immediately and conspicuously precede or follow such name, without any intervening written, printed, or graphic matter . . . ."

Defendant does not dispute that the back of the package contains a vignette depicting vanilla beans with the word "vanilla," without words "flavored" or "naturally flavored," as required by FDA regulations. *See* Dkt. No. 16-1 at 5:1-2.

Without any valid excuse for this violation, Defendant asks the court to create an exception when the words appear somewhere else on the label "mere inches away" from the characterizing flavor. *See* P&A-2 at 15 fn. 5. To be clear, the words "naturally flavored" appear in small letters under the name of the product, "V'Nilla Almond," with eight lines of text and the silhouette of a bear between them the vignette, hence there is intervening written, printed, *and* graphic matter. *See* Defendant's RJN Ex. 1.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

In furtherance of this argument, Defendant invents "nearness" and "overall labeling" standards, based on dicta in *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (2013). In *Viggiano* the plaintiff alleged that the statement "all natural flavors" on the label was misleading because the product contained artificial sweeteners and flavor enhancers, acesulfame potassium and sucralose. *Id.* The court found that the presence of artificial ingredients, that are not flavors, does not make it misleading for the label to represent that the flavors are all natural. *Id.* at 889. The dicta upon which Defendant relies states that although the "all natural flavors" label does not identify the characterizing flavor, it appears near the specific flavor and an image of the fruit, thus the overall labeling complies with the regulation. *Id.* at 891.

This dicta is inapplicable here. Mere "nearness" alone does not comply with the unambiguous requirement that the term natural flavored "immediately and conspicuously precede or follow [the characterizing flavor], without any intervening written, printed, or graphic matter." C.F.R § 101.22(i)(3). Additionally, if the FDA intended for the "overall labelling" to be the applicable standard, it would not have required that "[w]herever the name of the characterizing flavor appears on the label" it must be accompanied by the required language.  See C.F.R § 101.22(i)(3).

Defendant improperly relies on *Brown v. Starbucks Corporation*, 2019 WL 4183936, (S.D. Cal. Sept. 3, 2019) to imply that Plaintiff cannot make a claim for violation of C.F.R. § 101.22(i) based upon the vignette of the vanilla bean with only the word vanilla because it appears on the back of the package, rather than the front. P&A-2 at 14:14-16.

This also is false, as the applicable regulation governs statements and depictions "easily seen under customary conditions of purchase," not just the front of the package.  *See* C.F.R. § 101.22(i)(3).

-11-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

In *Brown*, the characterizing flavor description, "[a]pple, watermelon, tangerine and lemon flavored candies," appeared on the front of the package, but the defendant did not disclose that the gummies contained artificial flavors "immediately and conspicuously" before or after the characterizing flavor description. *Id.* at 7. The mere fact that this violation occurred on the front of the package had nothing to do with the court's analysis of whether this omission was misleading, nor did the court hold that such a violation would only be actionable if it was on the front of the package, as Defendant implies. See *Id.*

In fact, cases involving mislabeling of foods routinely involve depictions and representations made on the front, back, and side of product packages. For instance, in *Lam v. General Mills, Inc.*, 859 F.Supp.2d 1097 (2012), the deceptive statement "made with real fruit" was on the side panel of the packaging. *Lam v. General Mills, Inc.*, 859 F.Supp.2d 1097 (2012). *Lam* held that "[a]t the pleading stage, the Court cannot conclude that a reasonable consumer should be expected to look beyond "made with real fruit" [on the side of the package] in order to discover the truth in the small print." *Id.* at 1105. If the FDA intended the labeling requirements to only apply to the front panel of the package, they would have so stated; instead the requirements were made to apply "[w]herever the name of the characterizing flavor appears on the label."

The Product's vignette of vanilla beans with the word vanilla on the back of the package, without the FDA required language, clearly violates C.F.R. 101.22(i)(3). Contrary to Defendant's argument, neither the "overall packaging," or "nearness" of the term "naturally flavored," excuses the misleading labeling.

///

///

///

///

-12-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

1

2

C.    **Plaintiff's Allegations in the Complaint are Not Inconsistent With the FAC But Even if They Were, it Would be Entirely Proper.**

3    In its motion to dismiss, Defendant argues that because - according to

4    Defendant - Plaintiff "has advanced two contradictory interpretations of 'naturally

5    flavored'" that this alleged contradiction establishes Plaintiff now cannot state a

6    plausible claim. P&A-2, Section II. Defendant cites to *In re 100% Grated*

7    *Parmesan Cheese Marketing & Sales Practices Litigation*, 348 F. Supp. 3d 797

8    (N.D. Ill. 2018) as "highly instructive." *Id*. There is no contradiction, though,

9    between Plaintiff's complaint and FAC, just tortured pretzel logic by Defendants.

10    But even if there was a contradiction it is entirely proper under the Federal Rules

11    of Civil Procedure and binding Ninth Circuit authority for Plaintiffs to plead in the

12    alternative even wholly inconsistent theories of recovery.

13    Setting aside that Plaintiff disagrees with Defendant's characterization that

14    Plaintiff's initial Complaint contradicts his FAC, assuming for arguments sake that

15    it did, even directly, the case to which Defendants cite, a district court decision

16    outside the Ninth Circuit, is overruled by Ninth Circuit authority. The Ninth

17    Circuit expressly holds that it is improper for a district court to find that such a

18    contradiction in pleading establishes a plausible claim cannot be stated. *PAE Gov't*

19    *Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is

20    that there is nothing in the Federal Rules of Civil Procedure to prevent a party from

21    filing successive pleadings that make inconsistent or even contradictory

22    allegations."). By striking or discounting the factual allegations contained in a

23    pleading because they contradict an earlier version, courts would be improperly

24    adjudicating a claim on the merits. This is particularly inappropriate in a legal

25    system that allows plaintiffs to plead in the alternative, "even if the alternatives are

26    mutually exclusive." *Id*. at 859. Instead, our legal system prioritizes prompt filing

27    and anticipates that "some allegations fall by the wayside as legally or factually

28

-13-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

unsupported" as litigation progresses and the parties learn more. *Id.* "This rarely means that those allegations were brought in bad faith or that the pleading that contained them was a sham." *Id.* Instead, it is much more likely that the parties have "learned more about the available evidence and viable legal theories, and wish to shape their allegations to conform to these newly discovered realities. We do not call this process sham pleading; we call it litigation." *Id.*

Here, Plaintiff FAC has alleged that Defendant's labeling, which Defendant concedes in its motion does not comply with state and federal labeling requirements, misled him to believe that the Product's vanilla flavoring is real vanilla derived exclusively from vanilla beans (FAC ¶ 2). Plaintiff's initial complaint and first amended complaint are neither inconsistent nor contradictory, let alone directly so, and that even if they were, factual assertions in a complaint are not admissions once an amended complaint is filed. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). As discussed above, any possible inconsistency between Plaintiff's Complaint and FAC cannot be grounds for a finding that Plaintiff cannot state a plausible claim, as the Ninth Circuit has made clear.

### D.   Defendant's Challenge to Zaback's Restitution Claim is Improper.

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is based upon the "failure to state a claim upon which relief can be granted." It is not intended to be a test of whether the relief sought is available to the plaintiff. *See Owens v. Housing Authority of City of Stamford, D.C.Conn.*, 394 F.Supp. 1267 (1975) (propriety of redress requested by complaint was not appropriate issue to be resolved on motion to dismiss for failure to state claim for relief); *Doss v. South Cent. Bell Telephone Co.*, 834 F.2d 421 (1987) (demand of improper remedy is not fatal to party's pleading, if statement of claim is otherwise sufficient to show entitlement to different form of relief); *In re Sunrise Securities Litigation*, 793

-14-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

F.Supp. 1306 (1992) (it need not appear in pleadings that party may obtain all relief demanded to withstand motion to dismiss, so long as it can be ascertained from face of complaint that some relief can be granted). As such, Defendant's challenge of Plaintiff's claims seeking restitution is not properly brought in this motion.

Plaintiff alleges causes of action under the UCL, FAL, CLRA, and a quasi-contract, unjust enrichment theory. The relief available under these causes of action include injunctive relief and restitution. Regardless of whether there are other legal remedies available, Plaintiff has properly alleged these causes of action and should not be precluded from seeking restitution, especially at the pleading stage, when no discovery or disclosures have occurred.

"The UCL addresses 'unfair competition,' which 'means and includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by the false advertising law.'" *Id.* (quoting Cal. Bus. & Prof. Code § 17200). "Its purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" *Id.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002), *as modified* (May 22, 2002)). "[T]he primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with ancillary relief in the form of such restitution 'as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.'" *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009) (quoting Cal. Bus. & Prof. Code § 17203).

With regard to the CLRA, "[t]he Legislature enacted the CLRA 'to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.'" *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 954, 393 P.3d 85, 88–89 (2017) (quoting Cal. Civ. Code § 1760). "To

-15-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

promote' these purposes, the Legislature directed that the CLRA 'be liberally construed and applied.'" *Id.* "After setting forth a list of unlawful 'methods of competition and unfair or deceptive acts or practices,' the CLRA authorizes any consumer who has been damaged by an unlawful method, act, or practice to bring an action for various forms of relief, including '[a]n order enjoining the methods, acts, or practices.'" *Id.* (quoting Cal. Civ. Code § 1780).

The FAL "makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]'" *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1023-24 (N.D. Cal. 2011) (quoting Cal. Bus. & Prof. Code § 17500)). "The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public... Consequently, even a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under this section." *Davis*, 691 F.3d at 1162 (internal citations, quotations, and alterations omitted).

A quasi-contract, unjust enrichment claim is not based on, and does not otherwise arise out of, a written contract, but rather, it is a common law obligation implied by law based on the equities of a particular case and not on any contractual obligation. 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 1013, p. 1102; *McBride v. Boughton,* 123 Cal.App.4th 379, 388–389 (2004). A quasi-contract, claim is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money. 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 1013, p. 1102. A person is enriched if the person receives a benefit at another's expense. Restatement (First) of Restitution §

-16-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

1 (1937). Benefit means any type of advantage. Rest., *supra,* § 1; *California Federal Bank v. Matreyek,* 8 Cal.App.4th 125, 131 (1992). An individual is required to make restitution if he or she is unjustly enriched at the expense of another. Rest., Restitution, § 1; *California Federal Bank v. Matreyek* 8 Cal.4th 125, 131(1992).

Plaintiff fully and adequately alleged causes of action under California's UCL, FAL, CLRA, and quasi contract. Plaintiff alleges that he and the proposed class he offers to represent were damaged by Defendant's false representations and unlawful and unfair methods of competition and deceptive practices, and that Defendant was unjustly enriched as a result. Plaintiff alleges that Defendant's labeling is both false and likely to deceive the public. This states a proper claim under California's FAL.

Defendant cites *Sonner v. Premier Nutrition Corp.,* 962 F.3d 1072, 1074 (9th Cir. 2020) to challenge Plaintiff's right to seek restitution. Under Defendant's logic, any claim for restitution must be dismissed unless the plaintiff alleges that there is no other remedy available. See P&A-2 at 18:12-14.  This is simply not the legal standard, as plaintiffs routinely allege legal theories for damages and restitution concurrently, especially at the initial pleading stage, when no discovery or disclosures have occurred.

Defendant's reliance on the case of *Sonner* is misplaced, as this case is completely distinguishable. In *Sonner*, the original complaint demanded injunctive relief under the UCL and CLRA, restitution under the UCL and CLRA, and damages under an Illinois consumer protection statute.  After four years of litigation, on the eve of trial, the plaintiff strategically chose to amend her complaint to drop her damages claim because her damages claim would have forced her to try the case to a jury. Instead, she sought to pursue the same "damages" under a restitution theory, which would allow her to try the claims as a

-17-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

bench trial. The defendant opposed the request to amend, arguing that the plaintiff needed to establish a lack of legal remedy before seeking equitable restitution and warning that it would file a motion to dismiss on that basis." *Id.* at 1082.

The district court cautioned the plaintiff prior to the amendment that it would not permit her to reallege the damages claim because allowing her to do so would be unfair, prejudicial, and an affront to the judicial system. *Id.*

The plaintiff amended her complaint, the defendant moved to dismiss the amended complaint because the plaintiff could not allege a lack of a legal remedy since the previously alleged and dismissed claims damages claims reflected an adequate legal remedy. *Id.* The district court granted the defendants motion and denied the plaintiff leave to amend. *Id.*

Here, Defendant's challenge is improper because rather than challenge whether Plaintiff has brought a claim upon which relief can be granted, it seeks to attack the form of relief sought. Furthermore, Plaintiff is at the initial pleading stage and is seeking relief without the benefit of four years of litigation. As such he must plead in the alternative and seek all remedies available based on his knowledge at this time. Plaintiff's FAC must be allowed to proceed with his claim for restitution intact.

## **CONCLUSION**

It is clear by Defendant's own admission that the vanilla flavor in the Product is not derived exclusively from vanilla. P&A-1 at 11:27-12:11. If the Product contained no other flavor which simulates, resembles, or reinforces the characterizing vanilla flavor, it would not be required to include the words "flavored" or "naturally flavored" wherever the word vanilla appears on the package, but that is not the case here. See 21 C.F.R. 101.22(i)(1). Thus, there is also no dispute that the vignette of vanilla beans with the word vanilla, but without

-18-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB

"flavored" or "naturally flavored" is a violation of the FDA Regulations.  See 21 C.F.R. 101.22(i)(3).

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any portion of the FAC, Plaintiff respectfully requests that leave to amend be freely given. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Dated:     August 25, 2020         Respectfully submitted,

**LAGUARDIA LAW, APC**

s/Eric A. LaGuardia_____


**LAW OFFICES OF DEVON K. ROEPCKE, PC**
Devon K. Roepcke

Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. 3:20-CV-268-BEN-MSB