UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLAN ZABACK, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>          Defendant. | Case No.: 3:20-cv-00268-BEN-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 16]** |

  This matter comes before the Court on Defendant Kellogg Sales Company's Motion to Dismiss Plaintiff Harlan Zaback's First Amended Complaint ("FAC"). Kellogg's motion is granted with leave to amend.

**I. Background**

  This case concerns Bear Naked Granola V'Nilla Almond (the "Product"). Kellogg markets and sells the Product to consumers. The Product uses the words "Naturally Flavored" on the front of the packaging immediately below the words "V'nilla Almond."[1] ECF No. 8-1. The back packaging depicts a vignette of a vanilla plant with only the word "Vanilla" below the vignette. *Id*. For convenience, the Product's packaging is depicted below.

---

[1] The Court has already taken judicial notice of the Product's packaging. *See* Order, ECF No. 14. The Court is also aware that "V'Nilla" is not a word, but a stylization of "vanilla."




Zaback filed his initial Complaint in state court on December 20, 2019, and Kellogg removed the case to this Court on February 13, 2020. Notice of Removal, ECF No. 1. Kellogg filed a motion to dismiss, which the Court granted on June 22, 2020. Order, ECF No. 14. The Court granted Zaback leave to amend, and Zaback filed his FAC on July 6, 2020. FAC, ECF No. 15. He brings four claims alleging violations of California's Consumer Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and False Advertising Law (FAL), as well as a claim alleging unjust enrichment.

In its previous Order, the Court did not decide whether Kellogg's use of a vanilla plant vignette with only the word "Vanilla" below the vignette constituted a violation of 21 C.F.R. § 101.22(i)(1)(i) and 101.22(i)(3). Order, ECF No. 14, 6. Unsurprisingly, the vignette is the subject to Zaback's FAC. ECF No. 15, ¶¶ 8, 27. Zaback has abandoned his other theories of deception.

The questions presented here are as follows: First, do the relevant FDA regulations require that the Product contain vanilla given the depiction of a vanilla bean vignette with only the word "Vanilla" below the vignette on the back of the Product's packaging? Second, if so, has Zaback plausibly alleged the Product does not contain vanilla? Third, if so, has Zaback plausibly alleged he relied on the vignette to believe the product contained vanilla when it allegedly does not? Finally, regardless of the above,

has Zaback sufficiently pleaded inadequate remedies at law given the Ninth Circuit's recent holding in *Sonner v. Premier Nutrition Corporation*?  971 F.3d 834 (9th Cir. 2020).

Zaback alleges Kellogg "misleads consumers into believing [the Product] is made with real vanilla derived exclusively from vanilla beans when it is not."  FAC, ECF No. 15, ¶ 1.  "Based on the packaging [including the vignette of vanilla beans with only the word "Vanilla" below it on the back of the package], Mr. Zaback believed he was purchasing granola with sufficient real vanilla derived exclusively from vanilla beans sufficient to provide the Product's characterizing vanilla flavor."  *Id*. at ¶¶ 8, 27-28.  However, Zaback alleges that the Product does not contain sufficient vanilla to independently characterize the Product as "Vanilla."  *Id*. at ¶ 26.  Zaback's allegation is that Kellogg admitted it must use the term "naturally flavored" on the Product because "the Product does not contain enough vanilla to independently characterize the flavor without the addition of other flavorings derived from other sources."  *Id*. at ¶¶ 29-30.

Because Kellogg's words are being asserted against it, the Court provides those words in full:

> Plaintiff's theory that it is misleading for Kellogg to label Bear Naked granola as "Naturally Flavored" when its vanilla flavor is not derived exclusively from the vanilla plant is preempted by federal law, as FDA regulations require Kellogg to label [the Product] as vanilla "flavored" or "naturally flavored" if it contains any vanilla flavor derived from vanilla beans: If the food is one that is commonly expected to contain a characterizing food ingredient, *e.g.*, strawberries in "strawberry shortcake", and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, ***the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored"*** . . .

|   |   |
|---|---|
| 1 | *e.g.*, "natural strawberry flavored shortcake," or "strawberry flavored |
| 2 | shortcake". 21 C.F.R. § 101.22(i)(1)(i) (emphasis added); *see also id.* § |
| 3 | 101.22(i)(1)(iii) (stating in part that vanilla-flavored food containing vanilla |
| 4 | flavor derived from vanilla beans *and* vanilla flavor derived from another |
| 5 | natural source "shall be labeled in accordance with . . . paragraph (i)(1)(i) of |
| 6 | this section"). |

Def.'s Mot., ECF No. 7-1, 11:27-12:11 (emphasis in original).

Put simply, Zaback alleges that if Kellogg admits it must use "naturally flavored" elsewhere on the label, the Product does not contain sufficient vanilla to support the use of a vanilla bean vignette without qualifying language such as "naturally flavored" accompanying the vignette.

Zaback acknowledges that vignette as depicted "would only be allowed if the Product contained no other flavor which simulates, resembles, or reinforces the characterizing flavor," citing 21 C.F.R. § 101.22(i), before asserting "the Product does contain other natural flavors which reinforce the characterizing flavor." *Id.* at ¶ 33. The only factual support for this allegation is Kellogg's purported admission.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the pleadings fail to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**III. Analysis**

Kellogg argues that (1) the Product's packaging does not violate the relevant FDA regulations, (2) Zaback has not offered sufficient factual allegations to support his claim, (3) Zaback has not plausibly alleged he relied on the vignette in making his purchase, and (4) the FAC fails to allege the inadequacy of legal remedies. The Court addresses these arguments in turn.

**A. The Product's Packaging**

Title 21 C.F.R. § 101.22(i)(1)(i) regulates how manufacturers must label foods "with respect to the primary recognizable flavor." If the "characterizing flavor" comes from "natural flavor" derived from the "characterizing food ingredient" rather than from the characterizing ingredient itself, the product must be labeled as "vanilla flavored" or "natural vanilla flavored." *Id*. While the front and back of the Product's packaging state "V'nilla Almond" followed immediately below by the words "Naturally Flavored," the vanilla plant vignette on the back of the Product's package contains the word "Vanilla" without any qualifiers or modifications. ECF No. 8-1.

Zaback's only factual allegation is that Kellogg purportedly admitted in its first motion to dismiss "that the Product does not contain enough vanilla to independently characterize the flavor without the addition of other flavorings derived from other sources." FAC, ECF No. 15, ¶ 30. Thus, Zaback alleges, if the Product does not contain sufficient vanilla, the vanilla vignette without the words "Naturally Flavored" violates 21 C.F.R. § 101.22(i). Kellogg contends that the vanilla plant vignette does not violate the regulation because "the 'overall labeling' of the product complies with the requirement that the name of the flavor ('vanilla') be accompanied by the term 'naturally flavored.'" Mot., ECF No. 16-1, 14 (citing *Viggiano v. Hansen Natural Food Corp.*, 944 F. Supp. 2d 877, 891 (C.D. Cal. 2013)).

The Court finds this case distinguishable from *Viggiano* because that case did not directly address the use of a vignette, but rather allegations the products used a

misleading "all natural flavors" label when the products allegedly contained artificial ingredients. *Viggiano*, 944 F. Supp. 2d at 889-90.  While the *Viggiano* court noted "the overall labeling of the product appears to comply with [21 C.F.R. § 101.22(i)]," this Court respectfully sees no such flexibility in the regulation.  Section 101.22(i)(3) provides "[w]herever the name of the characterizing flavor appears on the label (other than in a statement of ingredients) so conspicuously as to be easily seen under customary conditions of purchase, the words prescribed by this paragraph [i.e., "natural" and "flavored"] shall immediately and conspicuously precede or follow such name, *without any intervening written, printed, or graphic matter*."  (Emphasis added).  Defendant's argument that "Naturally Flavored" also appears on the back of the Product's packaging does not save the vignette's label, as intervening written, printed, and graphic matter is located between the words "Naturally Flavored" and the vanilla bean vignette.  Thus, in accordance with 21 C.F.R. § 101.22(i)(1)(i) and (i)(3), Zaback plausibly alleges the vignette must contain the words "Naturally Flavored" if the Product lacks sufficient vanilla to independently characterize the food.

### B. Sufficiency of Factual Allegations

The Court next turns to whether Zaback has alleged facts plausibly showing the Product does not contain sufficient vanilla.  As noted above, Zaback's only allegations are (1) Kellogg's purported "admission" in its initial motion to dismiss, and (2) the already rejected allegation that merely because vanilla is expensive Kellogg would have included vanilla on the Product's ingredient list.  FAC, ECF No. 15, ¶¶ 28-30; Order, ECF No. 14, 5.

The "admission" boils down to this: Kellogg's use of "Natural Flavors" on the Product's ingredient list means the product does not have sufficient vanilla to independently characterize the food.  This "admission" is still not sufficient to "nudge [his] claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680; *see also Figy v. Frito-Lay North America, Inc.*, 67 F. Supp. 3d. 1075, 1090 (dismissing complaint where Plaintiff "provide[d] no detail whatsoever about how or when the

offending ingredients [were] unnatural") *and Tarzian v. Kraft Heinz Foods Co.*, No. 18-7148, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 10, 2019) (requiring plaintiff to link a common industry practice with an economic basis to a practice actually used by defendant). Zaback still offers no factual allegations of what practice Kellogg uses to put vanilla or vanilla flavoring in the Product or what, other than vanilla beans, might be in the Product. Accordingly, the Court finds Zaback has not plausibly alleged the Product contains insufficient vanilla to support the vignette and grants Kellogg's motion to dismiss. The Court therefore does not reach Kellogg's third argument that Zaback failed to adequately plead reliance on the vignette in his purchasing decision.

**C. Inadequate Legal Remedies**

Independent of the above, Kellogg also argues Zaback has failed to plead he lacks an adequate remedy at law. The Court finds the Ninth Circuit's decision in *Sonner* also requires the Court to grant Kellogg's Motion to Dismiss. In *Sonner*, the Ninth Circuit held that a plaintiff "must establish she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id*. at 844. Here, Zaback's first two claims arise under these statutes. His third and fourth claims, arising under the California False Advertising Law and for "Quasi Contract/Unjust Enrichment/Restitution" likewise sound in equity. Zaback's FAC does not allege an inadequate legal remedy.

Zaback argues that cases outside the Ninth Circuit decided before *Sonner* have held that a challenge to the relief sought is not the proper subject of a motion to dismiss. However, *Sonner*, which was also decided on a motion to dismiss, is binding authority to the contrary. 971 F.3d at 838. Zaback also argues *Sonner* is distinguishable because the amendment of the complaint and motion to dismiss came at an unusually late stage in litigation. Opp'n, ECF No. 19, 17-18. This is incorrect. Nothing in *Sonner* limits its precedential value to such circumstances.

Other district courts in this Circuit have applied *Sonner* to dismiss complaints in cases involving similar claims at the more familiar early stages of litigation. *See In re*

*MacBook Keyboard Litigation*, Case No. 18-CV-2813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020); *Krommenhock v. Post Foods, LLC*, Case No. 16-CV-4958-WHO, 2020 WL 6074107, at *1 (N.D. Cal. Sep. 29, 2020); *Gibson v. Jaguar Land Rover N. Am., LLC*, Case No. 20-CV-769-CJC, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020). Indeed, the only district court discussing *Sonner* that declined to apply it noted that *Sonner* was not properly briefed in the underlying motion to dismiss. *Warren Gardner v. Starkist Co.*, Case No. 19-CV-2561-WHO, 2020 WL 6136091, *7, n4 (N.D. Cal. Oct. 19, 2020). Here, however, the issue has been fairly and fully briefed. *Sonner* is controlling. Kellogg's Motion to Dismiss is granted.

While the *Gibson* court dismissed the plaintiff's UCL claim with prejudice, the Court declines to do so here. The Parties have not briefed whether amendment of certain claims would be futile or not. *See* Mot., ECF No. 16-1, 18-19 (arguing instead that amendment would be futile based on alleged factual deficiencies). Accordingly, the Court will once again grant Zaback leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED without prejudice**. Plaintiff may file an amended complaint within 14 days of this order. Plaintiff's may not add other claims or parties without seeking leave from the Court.

**IT IS SO ORDERED.**

Dated: October 29, 2020

Hon. Roger T. Benitez
United States District Judge